Napton, judge,
delivered the opinion of the court.
This was a proceeding under the act concerning boats and vessels. The grounds of the action, as stated in the complaint, were the furniture and equipment of a steamboat, procured at Pittsburgh, in the State *263 of Pennsylvania. An allegation was made in the complaint that by the law of Pennsylvania, the plaintiff was entitled to a lien for the articles so furnished. There was a demurrer to the complaint, which was determined in favor of the boat, and this decision presents the only point for our consideration.
We understand our statute to have no extra territorial operation, but that its provisions are limited to contracts made with boats “ used in navigating the waters of this State.” Citizens of other states may resort to our courts to enforce their contracts under the general law applicable alike to our citizens and strangers; but the act concerning boats and vessels was designed to afford a speedy and convenient remedy to our own citizens, and to such others only as are engaged in trade within our jurisdiction at the time of their contracts. The contract in this case was made in Pennsylvania; it was not made with a boat, or the owners of a boat used in navigating the waters of this State, but with a boat lying at Pittsburgh, on the Ohio river; that the boat was designed for our trade can make no difference. This point was fully settled by this court in the case of S. B. Raritan vs. Pollard, 10 Mo. R. 583.
The allegation that, by the laws of Pennsylvania, a lien existed, does not give our court jurisdiction, or bring the case within the remedy given by the act concerning boats and vessels. The Pennsylvania law, like ours, is local, and must be enforced in the mode pointed out in their statute, and in the courts acquiring jurisdiction under it. Our statute does not authorize the lien acquired under the laws of Pennsylvania to be enforced here, and there is no principle of common or international law which will justify such a pretension.
The case of Champion vs. Jantzer, 16 Ohio R. 9, and Goodwell vs. Brig St. Louis, Ib. 178, are in point under a statute of Ohio substantially the same as ours, so far as this matter is concerned.
Judgment affirmed.