Judge Hyland
delivered the opinion of the court.
From the statement of the facts as agreed on by the counsel in this case, the main point for the adjudication of this court is, the construction of our statute concerning “boats and vessels.” This is not now for the first time to bo settled. The facts as stated come fully and entirely within the principles and reasoning of this court in a late decision made at Jefferson City in the case of Noble vs. steam boat St. Anthony.
The main principle settled by the court in that case, is, that our statute concerning “ boats and vessels” is extra-territorial in its operation. That when the cause of action arose without the jurisdiction, and far from the limits of this State, the action could not he maintained under this statute, against the boat. Our courts are always open to afford the common law remedies. But this peculiar statutory remedy is allowed on contracts made within our own territory and our own jurisdiction.
The supreme court of the State of Ohio has decided on a statute similar to ours, in the same way. That court says that their statute has no extra-territorial operation. 16 Ohio Rep. 91 ; Ib. 178.
Supported, then, by the authority of the supreme court of Ohio, upon a statute very similar to ours, I concur in the views and decision heretofore made by this court, believing that decision well calculated to carry out the design and intention of the legislature.
Such being the opinion of my brother judges, the judgment of the court below is affirmed.