James v. Steamboat Pawnee.

———◦◦◦◦———

JAMES, Respondent, *vs.* THE STEAMBOAT PAWNEE, Appellant.

1. Under the act concerning boats and vessels, (R. C. 1845,) a boat is not subject to a lien, on account of supplies furnished without the limits of the state. (Former decisions affirmed.)

### *Appeal from St. Louis Circuit Court.*

This was a demand presented for allowance as a lien against the steamboat Pawnee, on account of coal furnished to said boat by the plaintiff, at Memphis, in the state of Tennessee. It appeared in evidence that the boat was engaged in the New Orleans and St. Louis trade, and was on one of her regular trips from New Orleans to St. Louis, when the coal was furnished. The demand was objected to, on the ground that it was not a lien, but was allowed by the court below, and placed in the second class. The defendant appealed.

*Krum & Harding*, for appellant. Our statute has no extra-territorial operation. *Fisk* v. *Steamboat Forest City*, 18 Mo. Rep. 587. 12 Mo. Rep. 414. Ib. 261. 10 Mo. Rep. 583, 586. 16 Ohio, 91, 178. The fact that the boat was on her way from New Orleans to St. Louis, in the performance of one of her regular trips, when the demand accrued, does not take this case out of the principle decided in the above cited cases.

*Knox & Kellogg*, for respondent. This case is distinguishable from the cases previously decided by this court. Here the boat was actually " used in navigating the waters of this

state," when the demand accrued, which was not the fact in either of the former cases. The Ohio statute, under which the decisions cited from that state were made, materially differs from ours.

RYLAND, Judge, delivered the opinion of the court.

This case comes fully within the principle settled by this court in the cases of *Noble* v. *Steamboat St. Anthony*, 12 Mo. Rep. 261, and *Twichell* v. *Steamboat Missouri*, ib. 412. These cases decide that the statute of this state, concerning boats and vessels, is limited in its provisions to contracts made *within the state* with boats used in navigating the waters of this state. These last decisions were made in accordance with the decision of this court in the case of the *Steamboat Raritan* v. *Pollard*, 10 Mo. 583. This point has been before this court since the *Raritan* case, three different times, including the case now before us.

This court adheres to the former decisions, and will adhere to them, until there shall be a change in the law concerning boats and vessels. Let the judgment be reversed, the other judges concurring.