PHELPS & BIGELOW WINDMILL CO., APPELLEE, V.
JAMES SHAY, APPELLANT.

[FILED MAY 6, 1891.]

1. **Mechanic's Lien:** ACCOUNT MAY BE SWORN TO IN ANOTHER
STATE. Section 3, chapter 54, Compiled Statutes, requires the
party who claims a mechanic's lien to make an account in writ-
ing of the items of labor, skill, machinery, or material furnished,
or either of them, as the case may be, and after making oath
thereto within four months of the time of performing such labor
and skill, or furnishing such machinery or material, file the same
in the office of register of deeds of the county of which such
labor, skill, and material shall have been furnished—in other
words, in the county where the property benefited is situated.
The oath may be taken before a notary public of another state.

2. ———: APPURTENANCES: A WINDMILL, with tank, pump, etc., con-
stitutes an appurtenance within the meaning of section 1, chap-
ter 54, Compiled Statutes, and the party furnishing and erecting
the same, under a contract with the owner of the land, may ob-
tain a mechanic's lien by filing the necessary claim, duly verified
in the proper office.

3. ———: THE HOMESTEAD IS SUBJECT to sale on a mechanic's lien
duly obtained.

APPEAL from the district court for Johnson county.
Heard below before BROADY, J.

*L. C. Chapman,* for appellant:

The property for which the lien is claimed is not an
"appurtenance." (*Frey v. Drahos,* 6 Neb., 1; *Beers v.
Knapp,* 5 Ben. [U. S.], 104; Phillips, Mech. Lien, secs.
177, 178, 366; *Baldwin v. Merrick,* 1 Mo. App., 281;
*Lothian v. Wood,* 55 Cal., 159; *Baum v. Covert,* 62 Miss.,
113; *Richardson v. Koch,* 81 Mo., 264; *Stout v. Sawyer,* 37
Mich., 313; *Colman v. Goodnow,* 29 N. W. Rep., 338;
*Clark v. Schatz,* 24 Minn., 300.) The notary in Missouri
had no lawful authority to administer an affidavit to be

used in this state. (2 Jones, Liens, sec. 1451; *Benedict, Hall & Co. v. Hall,* 76 N. Car., 114; *Chandler v. Hunna,* 73 Ala., 390; *People v. Tioga,* 7 Wend. [N. Y.], 516; *Stanton v. Ellis,* 16 Barb. [N. Y.], 319; *Love v. McAlister,* 42 Ark., 183; *Christman v. Floyd,* 9 Wend. [N. Y.], 340 ; *Haight v. Proprietors,* 4 Wash. C. C. [U. S.], 601–6 ; *Richards v. State,* 34 N. W. Rep., 346.) A homestead is not subject to a mere lien for material such as this one. (*Bowker v. Collins,* 4 Neb., 496 ; *Frazier v. Syas,* 10 Id., 118; Thompson, Homesteads, sec. 40 ; *Aultman v. Jenkins,* 19 Neb., 211; *Swift v. Dewey,* 20 Id., 109; *Betts v. Sims,* 25 Id., 175; *Duncan v. Moore,* 7 So. Rep., 221 ; *Richards v. Shears,* 11 Pac. Rep., 607 ; *Walsh v. McMenomy,* 16 Id., 17 ; *Roberts v. Riggs,* 1 S. W. Rep., 431, and note; *Keller v. Struck,* 18 N. W. Rep., 280; *Duncan v. Bateman,* 23 Ark., 327, 389; *Pitts v. Bomar,* 33 Ga., 96 ; *Cogel v. Mickow,* 11 Minn., 475.) A mechanic's lien which is to operate upon a homestead must be in writing, signed by husband and wife (*Barnes v. White,* 53 Tex., 628; *Campbell v. Fields,* 35 Id., 751; *Lyon v. Ozee,* 66 Id., 95; *Franklin Land Co. v. Wea Gas Oil Co.,* 23 Pac. Rep., 630), and must describe the property to be charged (*Hammond v. Wells,* 7 N. W. Rep., 218; *Stout v. Sawyer,* 37 Mich., 313.)

*Chamberlain Bros. & Rood, contra.*

The oath was sufficient. (*Wood v. St. P. R. Co.,* 44 N. W. Rep., 308.) The homestead is not exempt from execution on mechanics', laborers', or vendors' liens. They arise by operation of law. (*Colpetzer v. Wardens,* 24 Neb., 113 ; *Cohn v. Hager,* 30 Ark., 25.) The Texas citations are not in point, as the laws of that state expressly provide that no lien can be obtained on the homestead unless the contract of furnishing is in writing signed by the husband and wife and acknowledged by her. (2 Sayles' Stats., art. 3,174. Neither is *Cogel v. Mickow,* 11 Minn., 475, au-

thority. (See Thompson, Homesteads, sec. 373.) This claim is for both labor and material, and all the statutes giving liens against the homestead are the outgrowth of equitable ideas. (Thompson, Homesteads, 373.) This question was before the supreme court of Arkansas, and the lien was held good against the homestead. (*Anderson v. Seamans*, 49 Ark., 475; *Gulledge v. Preddy*, 32 Id., 433; *Murray v. Rapley*, 30 Id., 568.)

*Geo. L. Jones*, on the same side:

As to definition of mechanic: 2 Zell's Enc. Dic. [Ed. 1876], 1612; 3 Imperial Dic. [Ed. 1883], 141; Webster's Dic. [Ed. 1890]. Only *pure material men* and *furnishers* are excluded by the homestead act. (*Richards v. Shear*, 70 Cal., 187; *Pitts v. Bomar*, 33 Ga., 96; *Walsh v. McMenomy*, 74 Cal., 356.) Plaintiff complied with requisite conditions. (*Goss v. Helbing*, 77 Cal., 190; *Doolittle v. Plenz*, 16 Neb., 156.) A liberal construction of the lien law is advisable.

MAXWELL, J.

This action was brought in the district court of Johnson county to foreclose a mechanic's lien.

The items for which the lien was claimed are as follows:

| | | |
|---|---|---:|
| 1 | 10 ft. I. X. L. windmill | $85 00 |
| 1 | Figure 410 pumps and brass cyl | 26 00 |
| 1 | Round tank 4⅔x2 | 12 00 |
| 1 | House tank | 9 00 |
| 1 | Milk tank 8x23x23 | 16 00 |
| 26 | ft. ¼ galvanized pipe and rods | 11 70 |
| 191 | ft. ¾ galvanized pipe | 38 20 |
| 192 | ft. 1 black pipe | 28 80 |
| 1 | Brass check valve | 1 55 |
| 1 | Brass screw cock | 1 40 |
| 1 | Derrick | 30 00 |
| | | $259 65 |

Two notes for $129.85 each were given for this amount; the first due December 1, 1888, and the second September 11, 1889.

A mechanic's lien was filed in the proper office in Johnson county. This was sworn to before a notary public in Jackson county, Missouri, and it is now objected that the oath is invalid, and therefore that no lien attaches by reason thereof.

Section 3, chapter 54, of the Compiled Statutes requires a party who claims a lien to make an account in writing of the items of labor, skill, machinery, or material furnished, or either of them, as the case may be, and after making oath thereto shall, within four months of the time of performing such labor or skill, or furnishing such machinery or material, file the same in the office of register of deeds of the county of which such labor, skill, and material shall have been furnished, etc. The fact is apparent that the oath may be made before any person authorized to administer oaths, and the particular county or state where the oath is taken is not material. The claim for a lien, however, must be filed in the office of the register of deeds of the county where the labor was performed or material furnished; in other words, where the property improved or benefited by the labor and material is situated. The objection to the oath of the notary, therefore, is unavailing

Second—It is claimed that a mechanic's lien will not attach for the character of structure erected in this case.

Sec. 1, chap. 54, of the Compiled Statutes provides that "Any person who shall perform any labor, or furnish any material or machinery or fixtures, for the erection, reparation, or removal of any house, mill, manufactory, or building, or appurtenance, by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, mill, manufactory, building, or appurtenance, and the lot of land upon which the same shall stand."

The windmill in this case evidently comes under the head of " an appurtenance," and the party is entitled, where the proper steps have been taken, to a mechanic's lien.

The third objection is, that the real estate is the homestead of the defendant and that his wife never consented to the creation of the debt, and therefore that the homestead is exempt.

Sec. 3, chap. 36, Compiled Statutes, provides that " The homestead is subject to execution or forced sale in satisfaction of judgments obtained : First—On debts secured by mechanics', laborers', or vendors' liens upon the premises. Second—On debts secured by mortgages upon the premises, executed and acknowledged by both husband and wife, or an unmarried claimant." This section makes the homestead liable for a mechanic's lien. If the wife objects to the erection she should make it known at the earliest opportunity and prevent, if possible, the party from putting up the structure. If she sits by without objection until the improvement is made, thereby adding to the value of the homestead, she will be deemed to have waived her objection and the homestead will be chargeable with the cost of the improvement. Good faith requires this on the part of the wife, and as no objection was made the improvement must be held to have been made with her tacit consent.

Upon the whole case it is apparent that there is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.