[No. 894.   January 13, 1902.]

# FRANK GENEST et al., Appellees, v. THE LAS VEGAS MASONIC BUILDING ASSOCIATION et al., Appellants.

## SYLLABUS.

1. In an adjudication of lien under statutes of New Mexico, section 2216-2232, Compiled Laws, N. M., 1897, not purporting in any manner to be a personal judgment against any non-resident defendant substituted service of process by publication against such defendant is valid, the proceeding, as to such defendant, being in its character *in rem*.

2. An attorney at law who is also a notary public in New Mexico may take the affidavit of his client or of his client's agent upon which service of process by publication is based, it having for many years been the practice in New Mexico to do so and there being nothing in the law to prohibit it.

3. Where it appears from the record that the officer before whom a lien claimant made the verification of his claim required by section 2221, C. L. of N. M., 1897, was a clerk of court of record of the State of Colorado and that such officer was by the laws of Colorado empowered to administer oaths generally in said State, the verification is sufficient.

4. Where there is no dispute that a sub-contractor, lien claimant in good faith furnished material to be used, and that the material was used in the construction of a particular building, and that such claimant's lawful demand therefor remained unsatisfied, the filing of its claim of lien, when the building was substantially completed, there remaining to be done but seven or eight hours of one man's work of ornamental carving on the outside of the building and the premises for several weeks theretofore being occupied for the purposes intended, is not premature, but is a substantial compliance with the requirements of the statute that the claim shall be filed within sixty days after completion of the building.

5. The objection that the cross-complaint should be stricken from the files because not signed by an attorney or counsellor of the court is not in apt time when not made until after answer of the merits of the cross-complaint and replication filed by cross-complaint duly signed by a counsellor of the court, such irregularity being deemed to have been waived.

6. Where materials are furnished to be used, and in fact are used, in the construction of a particular building in New Mexico, the party so furnishing such material is entitled to the benefit of the lien laws of New Mexico, although said material was sold and delivered in another State.

7. Section 2229, Compiled Laws of N. M., 1897, providing that "the court may also allow as part of the costs . . . reasonable attorney's fee in the district and Supreme Courts," is not repugnant to art. XIV, sec. 1, of the amendments to the Constitution of the United States, providing, in part, that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of lfe, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law."

Appeal from the district court of Bernalillo county, before Justice WILLIAM J. MILLS, Chief Justice. Affirmed.

FRANK SPRINGER and ANDREWS A. JONES for appellants.

The claim of lien filed by the appellee for record was not properly verified.

> Sec. 2221, Compiled Laws 1897, N. M.
> Ford v. Springer Land Association, 8 N. M. 49.
> Finane v. Hotel and Improvement Co., 3 N. M. 418.
> 1 Am. and Eng. Ency. of Law, 311.
> Greenwalt v. Farmers and Mechanics Bank, 2 Dand. 505.
> Chandler v. Hanna, 73 Ala. 394.
> Cooley on Constitutional Limitations, 128.
> Phillips on Mech. Liens (3 Ed.), 640.
> 2 Jones on Liens, sec. 1451.
> Scull et al. v. Alter, 16 N. J. L. 151.
> Benedict v. Hall, 76 N. C. 113.
> Hinton v. Life Ins. Co., 21 S. E. 201.
> Doty v. Boyd, 24 S. E. 59.

Hickey v. Collom, 50 N. W. 919.

Wood v. Railroad, 44 N. W. 308.

Blanchard v. Bennett, 1 Oregon 328.

Keefer v. Mason, 36 Ill. 406.

Oaths administered by an officer outside the Territory of New Mexico except the commissioner authorized by our statute are null in verification of a mechanic's lien.

1 Am. and Eng. Ency. of Law, 309, note 1.

Fitch v. Campman, 31 Ohio St. 646.

Love v. McAllister, 42 Ark. 183.

Stanton v. Ellis, 16 Barbour 322.

Refer also by analogy to the cases of:

U. S. v. Hall, 131 U. S. 51.

U. S. v. Curtis, 107 U. S. 671.

U. S. v. Bailey, 9 Peters 238.

As to affidavits made before officers not authorized to administer oaths.

Omealy v. Newell, 8 East. 364.

Gibson v. Tilton, 17 Am. Dec. 309.

The contractor was a necessary party to the suit, and as to him the trial court did not acquire jurisdiction.

Phillips on Mechanics Liens (3 Ed.), sec. 397.

Boisot on Mechanics Liens, sec. 533.

Vreeland v. Ellsworth, 32 N. W. 374.

Kerns v. Flynn, 17 N. W. 62.

Wibbing v. Powers, 25 Mo. 599.

Tracey v. Kepp, 28 Pac. 708.

Finane v. Hotel and Imp. Co., 3 N. M. 416.

The Territorial statute requires that the contractor shall be made a party defendant.

Compiled Laws, 1897, sec. 2227.

Minor v. Marshall, 6 N. M. 201.

Affidavit for service by publication should not be taken before the attorney of a party to the suit, although he be authorized to administer oaths.

1 Am. and Eng. Ency. of Law, 309.

Taylor v. Hatch, 13 Johnson 340.

King v. Wallace, 3 Tenn. 403.

Collins v. Stewart, 20 N. W. 11.

Warner v. Warner, 11 Kan. 121.

Tooth v. Smith, 7 Pac. 577.

Schoen v. Sunderlind, 18 Pac. 913.

Den v. Geiger, 9 N. J. Law 225.

Pullen v. Pullen, 17 Atl. 310.

Anderson v. Sloan, 1 Colo. 33.

1 Ency. Pl. & Pr., 330.

Davis v. John Mount Lumber Co., 31 Pac. 189.

Pennoyer v. Neff, 95 U. S. 714.

Esty v. Hallock and H. Lumber Co., 34 Pac. 1113.

Sayre-Newton Lumber Co. v. Park, 36 Pac. 446.

U. P. R. R. Co. v. Davidson, 39 Pac. 1096.

The lien of the Newton Lumber Company was void because prematurely filed.

Compiled Laws N. M., 1897, sec. 2221.

Phillips on Mech. Liens (3 Ed.), sec. 323.

2 Jones on Liens, sec. 1428.

Boisot on Mech. Liens, sec. 470.

Our statute on liens was modeled after the California statute.

California decisions are cited as follows:

Perry v. Brainard, 8 Pac. 882.

Roylance v. Hotel Co., 74 Calif. 273, 15 Pac. 777, 20 Pac. 573.

Schwartz v. Knight, 74 Cal. 432, 16 Pac. 235.

Willamette Steam Mills Co. v. Los Angeles, 94 Cal. 229, 29 Pac. 632.

Davis v. McDonough, 42 Pac. 450.

Schallert Lumber Co. v. Sheldon, 32 Pac. 235.

Orlendi v. Grey, 58 Pac. 15.

The crossbill of the Newton Lumber Company should have been stricken from the files because at the time of filing it was not signed by any attorney or counsellor of this court.

Rules of Court of 1894, 32, rule 30.

Story on Equity Pleading, sec. 47.

1 Daniel's Chancery Pleading & Practice, 312.

Fench v. Dear, 5 Vesey Jr. 547.

Roach v. Hulings et al., 5 Cranch C. C. 637.

Federal Cases, 11,874.

Grow v. Pettis, 4 Sanford Chancery 404.

Chapman v. Publishing Co., 128 Mass. 479.

Everson v. Stephenson, 8 N. W. (Mich.) 62.

See also Mitford & Tyler, Equity Pleading & Practice 145.

Dillon v. Francis, 1 Dickens 68.

Corey v. Hatch, 2 Edwards, Chancery 190.

3 Ency. Pl. & Pr., 370.

Waldo v. Beckwith, 1 N. M. 103.

Sicon v. Leroux, 1 N. M. 388.

Mechanic's lien laws have no extraterritorial force and therefore the Newton Lumber Company was not entitled to a lien.

Story, Conflict of Laws, 375.

2 Kent's Com., 458.

Noble v. Steamboat St. Anthony, 12 Mo. 261 at 263.

Sec. 2216, Compiled Laws, 1897.

Phillips on Mechanic's Liens, sec. 34.

Burmingham Iron F. v. Glen Cove Co., 78 N. Y. 30.

Campbell et al. v. Coon, 44 N. E. 300.

Twitchell v. The Steamboat "Missouri," 12 Mo. 412.

See also 49 Barb. 249, 3 Comstock 438, 7 N. Y. 465, 5 Sanf. 362, 2 Bosw. 506.

The statute allowing to mechanic's attorney's fees in the district and Supreme Courts as a part of the costs on foreclosure of a lien is unconstitutional.

Boisot on Mech. Liens, sec. 24.

Wortman v. Kleinschmidt, 30 Pac. 280, 12 Mont. 316.

Helena Steam Heating & Supply Co. v. Wells,
40 Pac. 78, 16 Mont. 65.

Grand Rapids Chair Co. v. Runnells, 43 N. W.
1006, 77 Mich. 104.

Randolph Supply Co. (Ala.), 17 South. 721.

R. R. Co. v. Matthews, 174 U. S. 96.

VEEDER & VEEDER and W. L. HARTMAN for appellees.

The mechanic's lien law was unknown to, and is in contravention of the common law and equity jurisprudence. It had its origin with the civil law.

Canal Co. v. Gordon, 6 Wall. 561.

Miner v. Marshall (N. M.), 27 Pac. 481.

Davis v. Farr, 13 Pa. State 167.

"A lien is a charge upon specific property by which it is made security for the performance of an act."

Compiled Laws, N. M. 1897, sec. 1519.

"This court held in Finane v. Hotel Co., 3 N. M. 256 (5 Pac. 725), that the law should be construed strictly, *but the weight of the authority is against it,* and that decision to that extent is overruled."

Ford v. Springer Land Association (3 N. M.),
41 Pac. 544.

On same proposition see also—

Walker v. Stock Co., 9 S. C. 204.

Roby v. University, 36 Vt. 564.

Vandyne v. Vanness, 5 N. J. Eq. 485.

Nelson v. Campbell, 28 Pa. St. 156.

Mountain Electric Co. v. Miles, 56 Pa. 284.

Davis v. Alford, 94 U. S. 545.

Flagstaff Min. Co. v. Cullins, 104 U. S. 176.

Wood v. St. Paul Ry. Co. (Minn.), 44 N. W.
308.

Hickey v. Collum, 50 N. W. 918.

Coleman v. Goodnow, 36 Minn. 9-11, 20 N. W.
338.

Phillips on Mech. Liens, page 640 says in terms:

"A lien statement may be sworn to before a notary public in another State, and authentication by his official seal is sufficient."

> Hinton v. Life Ins. Co. (N. C.), 21 S. E. 210.
>
> Harris v. Barber, 129 U. S. 366.
>
> Phelps Biglow Windmill Co. v. Shay, 48 N. W. 896.
>
> Duggan v. Washougal Land and Logging Co., 38 Pac. 856.
>
> Gen. Laws of N. M., 1882, p. 235, sec. 6.

Relating to the verification of lien statement before an attorney of the party.

> 1 Am. and Eng. Ency. of Law, 309, 310.
>
> Reaves v. Cowell, 56 Cal. 591.
>
> Dawes v. Glasgow, 1 Pinney 171 (Wis.)'.
>
> Young v. Young, 18 Minn. 90.
>
> Davis v. John Mount Lumber Co., 2 Colo. App. 381, 31 Pac. 189.
>
> Estey v. Halleck & Howard Lumber Co., 34 Pac. 1113.
>
> U. P. R. R. Co. v. Davidson, 21 Colo. 93, 39 Pac. 1096.

Substantial performance.

> Boisot on Mech. Liens, 80 and cases there cited.

Mere technical or trifling omissions will not defeat the lien.

Same as last above, and

> Glacins v. Black, 50 N. Y. 145.
>
> Giant Powder Co. v. San Diego Co., 20 Pac. 419, 78 Cal. 493.
>
> Harlan v. Stufflebeen, 25 Pac. 686, 87 Cal. 508.

Waiver.

> Boisot on Mechanic's Liens, 81.
>
> Bell v. Teague, 3 South. 861, 85 Ala. 211.
>
> Giant Powder Co. v. San Diego Flume Co., 25 Pac. 976.
>
> Haller v. Clark, 21 D. C. 128.

Contractor's default as affecting sub-contractor.

Boisot on Mechanic's Liens, 84.

Bates v. Trustees, 27 N. Y. Supp. 951.

Pierce v. Cabot, 34 N. E. 362, 159 Mass. 202.

Miller v. Mead (Sup.), 3 N. Y. Supp. 784.

Id., N. Y. Supp. 273, 53 Hun 636.

Linden Steel Co. v. Rough Run Mfg. Co., 27 Atl. 895, 158 Pa. St. 238.

15 Am. and Eng. Ency., 151.

Phillips on Mechanic's Liens (2 Ed.), 138.

Boisot on Mechanic's Liens, 486, 487, 489, 471, 470.

Sanford v. Frast, 41 Conn. 617.

Brown v. Waring, 1 App. Cases (D. C.) 378.

Dayton v. Iron Co. (Minn.), 65 N. W. 133.

In re Philadelphia Packing and Provision Co.'s Estate, 4 Pa. Dist. 457.

Shaw v. Stewart, 2 Pac. 616, 43 Kan. 572.

Merchants and Traders National Bank v. Mayor of New York, 97 N. Y. 355.

Skyrme v. Occidental Co., 8 Nev. 239.

Cleas v. Dallas Homestead & Loan Association, 18 S. W. 421, 83 Texas 50.

Hunter v. Truckee Lodge, 14 Nev. 24.

Haat & S. Co. v. Mullen, 4 Colo. 512, 514, 515.

Flint v. Raymond, 41 Conn. 510 at 514.

Rice v. Brown, 42 Pac. 396 (Kansas).

Johnson v. De Peyster, 50 N. Y. 666.

Phillips v. Gallant, 62 N. Y. 256.

Woodward v. Fuller, 80 N. Y. 312.

Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418.

If plaintiff intended to apply to the court to take the answer off the files for irregularity, he should have done so before he accepted the answer. He waived his right to make the application.

1 Daniel's Chan. Pl. & Pr., 784, 583, 399, 590.

Steele v. Plomer, 2 Phil. 780.

Fulton Bank v. Beach, 2 Paige 307; s. c., 6 Wend. 36.

Seifreid v. Peoples Bank, 2 Tenn. Ch. 17; s. c., 1 Baxt. 200.

Atkinson v. Hanway, 1 Cox 360.

In the lien act there is no limitation as to the place, of residence of those furnishing materials, nor as to the place where the contract is made, nor as to where it is to be performed, provided only that the material is to be furnished for use in the construction of the building

2 Kent's Commentaries, 458, 462.

Gaty et al. v. Casey et al., 15 Ill. 189.

Mallory et al. v. La Crosse Abattoir Co., 49 N. W. (Wis.), 1071.

Chapman v. Brewer, 62 N. W. (Neb.) 320.

Carnegie Bros. Co. v. Lancastor & H. Ry. Co. (Com. Pl.), 1 Ohio N. P. 300; Am. Dig. (1895), 3033, par. 89.

STATEMENT OF THE CASE AND OPINION.

CRUMPACKER, A. J.—The salient facts found in the record are that prior to the first day of August, 1894, one of the appellants, The Las Vegas Masonic Building Association, entered into a contract with one Michael T. Kean, to construct a building known as the "Masonic Temple Building" at East Las Vegas, N. M., and soon thereafter began the construction of the building. The Newton Lumber Company, a corporation organized under the laws of the State of Colorado, entered into a parol contract with the said Michael T. Kean, in Pueblo, Colorado, whereby The Newton Lumber Company agreed to sell, furnish and deliver to said Kean, f. o. b. cars at Pueblo, Colorado, certain lumber, mill-work, and other building material, for the use by said Kean in the construction of the said Masonic Temple building, for the sum of $2,469.57, which said sum Kean agreed to pay The Newton Lumber Company, and by this contract The

Newton Lumber Company, further agreed to furnish, sell and deliver certain other lumber, mill-work and other building material to and for said Michael T. Kean, for the use by him in the construction and completion of said Masonic Temple Building, and to perform certain other labor and services in and upon said building under said contract, from time to time as the same may be ordered or required by or for said Kean for use in the performance of his contract for the building of said Masonic Temple, and other improvements upon the premises described. The claim of lien of the Newton Lumber Company in this case is for materials furnished for use in the construction of the said Masonic Temple and for labor and services performed upon the said premises under the above mentioned contract. The materials were furnished and the labor and services performed, as aforesaid from time to time between the eighth day of December, 1894, and the thirty-first day of July, 1895. The appellee, Frank Genest, was a stone-cutter and sub-contractor under Michael T. King, and performed services as such during the construction of the building. The work on said Masonic Temple building under said contract with Michael T. Kean began about the first day of August, 1894, and was prosecuted continuously by said Kean and his bondsmen, with the exception of a few days temporary delay in the early part of July, 1895, from said time of beginning until the seventeenth day of September, 1895, in the forenoon of which day the last work upon said building under said contract was done; the work on said building was all completed prior to the first day of September, 1895, except the stone carving upon the front entrance to the second and third floors of said building, which carving was outside ornamental work; but one man was employed in the doing of this work, and the second and third floors were occupied and used for the purposes for which they were intended during the whole time this carving was going on without interruption; the said

stone carving was prosecuted continuously from the twenty-third day of August, 1895, until and including the seventeenth day of September, 1895, and was part of the original plan of said building specified in the contract with said Kean. On the sixteenth day of September, 1895, at about ten o'clock in the forenoon of that day, The Newton Lumber Company, filed in the office of the probate clerk and *ex officio* recorder of San Miguel county, New Mexico, a claim of lien, which was sworn to before the clerk of the district court of Pueblo county, Colorado. On the sixth day of November, 1895, Frank Genest filed in the office of said probate clerk, his claim of lien which was sworn to before the judge and acting clerk of the county court of Pueblo county, Colorado. That these officers were qualified and authorized under the laws of the State of Colorado to take and administer oaths was shown by the evidence. On the thirteenth day of April, 1896, Frank Genest filed his bill of complaint for foreclosure of his alleged lien, and made parties defendant, among others, the appellants, The Newton Lumber Company, and Michael T. Kean. The Newton Lumber Company on the twelfth day of June, 1896, caused to be filed its crossbill of complaint for the foreclosure of the lien claimed by it. The principal contractor, Michael T. Kean, having left the Territory of New Mexico, service was sought to be made upon him by publication, both upon the original complaint filed by Genest and the cross-complaint filed by The Newton Lumber Company. The affidavit for publication in each instance was made by John D. W. Veeder, as agent of complainant and cross-complainant, and sworn to by him before Elmer E. Veeder, as notary public, said John D. W. Veeder, and Elmer E. Veeder constituting the law firm of Veeder & Veeder. When the cross-complaint of The Newton Lumber Company was filed it was not signed by any member of the bar of the Territory of New Mexico, nor was it signed by the Newton Lumber Company, as cross-complainant. It was signed, however, by

Hartman & Clynn, of Pueblo, Colorado, as solicitors for the Newton Lumber Company, and verified by W. C. Ponchan, its duly authorized secretary. Afterwards upon the offering of testimony by said cross-complainant in support of the crossbill, on March 6, 1897, and after voluntary answer by appellants filed in July 30, 1896, to the merits of the crossbill, and replication filed in November 7, 1896, by cross-complainant, duly signed by Veeder & Veeder, attorneys and counsellors of the district court, appellants objected to the taking of any testimony under said crossbill, upon the ground that the same had not been signed. Later, on October 2, 1897, an *ex parte, nunc pro tunc* order was made by which said firm of Veeder & Veeder were permitted to sign the crossbill of complaint of the Newton Lumber Company, as its counsel, as of the date of the filing of the crossbill, upon representations made by them that they were of counsel for said company, at the time the crossbill of complaint was filed. When the affidavit for publication was made in behalf of Frank Genest, the original complainant, said firm of Veeder & Veeder appeared as solicitors of record for said complainant Genest. On the twenty-third day of November, 1899, appellants filed a motion to vacate the *nunc pro tunc* order above referred to and to strike the crossbill of complaint from the files, which motion was overruled by the court. The appellant, Mutual Building & Loan Association of Las Vegas, held a mortgage upon the premises in question, which was not recorded until after the commencement of the building. In the final decree the court gave to Genest a lien for $232.40, with interest, and to the Newton Lumber Company, a lien of $3,790.24, and there was allowed to Frank Genest for and on account of attorney's fees $100 and in the case of the Newton Lumber Company, $500 attorney's fees.

The appellants filed exceptions to the decree of the court and a motion for a new trial, both of which were

overruled, and the case comes to this court upon appeal, the following errors being assigned:

"First.   That the court erred in finding that the building in controversy was substantially completed at the time of the filing of the lien of the Newton Lumber Company.

"Second.   In finding that the notice of the lien of the Newton Lumber Company was filed in the office of the probate clerk and *ex officio* recorder of the county of San Miguel, within the time required by the statutes of the Territory of New Mexico.

"Third.   In holding that the complainant Frank Genest, was entitled to a mechanic's lien upon the building and property in question in this suit under the statutes of the Territory of New Mexico.

"Fourth.   In holding that the Newton Lumber Company was entitled to a mechanic's lien upon the building and property in question in this suit under the statutes of the Territory of New Mexico.

"Fifth.   In holding that the claims of liens of Frank Genest and the Newton Lumber Company were properly verified.

"Sixth. In entering any decree in this case in favor of the complainant Frank Genest.

"Seventh.   In entering any decree in this case in favor of the cross-complainant, the Newton Lumber Company.

"Eighth.   In taking jurisdiction of this cause and entering any decree in favor of the complainant and the cross-complainant, when it appeared that the only service of process upon the original contractor, Michael T. Kean, was had by publication.

"Ninth.   In decreeing to the complainant and the cross-complainant any sum of money for and on account of attorney's fees.

"Tenth.   In overruling the motion of defendants to strike from the files and vacate the pretended order en-

tered in said cause bearing date the second day of October, 1897, and

"Eleventh.    In overruling the motion of the appellants to strike from the files the cross-complaint of the Newton Lumber Company."

The first question to be considered is presented by the contention of appellants that the contractor, Kean, being a necessary party, as to him the trial court did not acquire jurisdiction.    This argument is based upon the theory that the court should have acquired jurisdiction over the person of the contractor, before a valid, judgment could be entered against the property in question in favor of these lien claimants. But the lien is a remedy in the nature of a charge on land, given by statute to secure a priority or preference in payment for the performance of labor or the supply of materials for the buildings; to be enforced against the particular property in which they have become incorporated, in the manner and under the limitations therein expressly provided.    It does not arise out of nor is it of the essence of the contract for labor or materials. Philips on Mechanic's Liens, sec. 9.    The lien of the mechanic being a remedy, having for its object the subjection of specific property to the payment of an indebtedness arising out of its construction, the proceeding so far as this object is to be attained is in its character, *in rem*.    Philips, Mech. Liens, sec. 305.    No lesser or greater object is sought to be obtained by the lien claimants in the case at bar, and whether or not our statute authorizes judgments *in personam* to be entered against certain defendants under certain circumstances, need not be inquired into here.    This particular adjudication of liens purports to be in no manner a personal judgment against any defendant, but it is merely, within the words of the statute, a judgment against the property of the owner.    The question of a personal judgment against the non-resident or absent contractor  being eliminated from the case, we are yet to inquire if the substituted

service of summons by publication which was sought to be made by both these lien claimants against said non-resident or absent contractor Kean is valid? The statute provides for service by publication where the defendant resides out or is absent from the Territory. Section 2225, Compiled Laws of New Mexico, 1897. Considering the question of the validity of substituted service in such cases, the Supreme Court of the United States has said "Substituted service by publication may be sufficient to inform the parties of the object of the proceeding taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner or by agent, and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such services may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same. In other words such service may answer in all actions which are substantially proceedings. *in rem*." Pennoyer v. Neff, 95 U. S. 714, 727; Heidritter v. Elizabeth Oilcloth Company, 112 U. S. 294, 300. The cases cited and relied upon by counsel for appellant arising under the statutes of Colorado, providing that the lien of the sub-contractor shall be limited to the amount due to the contractor, as provided by original and subsequent contracts; that judgments shall be rendered according to the rights of the parties; that the various rights of all the lien claimants and other parties in any such action shall be determined and incorporated in one judgment or decree; that each party establishing his claim shall have a judgment against the party personally liable to him for the full amount of his claim so established and that he shall have a lien established and determined in said decree upon the property to which his

lien shall have attached to the extent hereinbefore stated —provisions very dissimilar to those contained in the New Mexico Statute—are not in point. 2 Mills Ann. Stat., secs. 2867-2899. We can not therefore agree with counsel for appellant that the court could not acquire jurisdiction, for the purposes of this lien act, as to the defendant Kean, by substituted service of summons by publication.

And as to the further objection made by appellant that the notice of publication, founded upon an affidavit of John D. W. Veeder, attorney for complainant and cross-complainant (sec. 2964, C. L. of N. M. 1897), was sworn to before Elmer E. Veeder, at the time solicitor for both complainant and cross-complainant, and appellants request that this court establish some rule as to whether or not an attorney for a party to a suit has authority to take the affidavit as the foundation for such service by publication, we hold that an attorney who is also a notary public in New Mexico may take such affidavit of his client, or as was done in this case, of his client's agent. It is now and has been for many years the practice in this Territory to do so, and however reprehensible it may be there is nothing in the law which prohibits it. Reavis v. Cowell, 56 Cal. 591; Daws v. Glasgow, 1 Penney 171; Young v. Young, 18 Minn. 90.

The second objection made by appellants to be considered is that the claim of Frank Genest, purporting to have been verified before "John H. Mitchell, judge and acting clerk of the county court of the county of Pueblo, State of Colorado," and the claim of the Newton Lumber Company, purporting to have been verified before "H. B. McCoy, clerk of the district court of Pueblo county, State of Colorado, by E. Moore, deputy clerk" were not verified before some one authorized to administer the oaths of lien-claimants to their claims of lien as required by section 2221, C. L. of N. M. 1897. It having been proven in this case by the Statutes of Colorado that these officers were empowered by

the laws of Colorado to administer "all oaths required to be taken by any person upon any lawful occasion" (R. S. '68, p. 482, sec. 3; G. L. '77, pp. 661, 662, sec. 1927; C. S. '83, p. 739, sec. 2473). There is no question presented here as to the sufficiency of the authentication or the form of the verification upon which questions nearly all of the cases cited by the appellants turn. Without discussing the effect to be given to the long-established custom of the courts of New Mexico in recognizing the validity of verifications of pleadings, affidavits and various other instruments before a clerk of a court of record or notary public of another State or Territory for use in New Mexico, we think it is sufficient to state that in our opinion the statute of this Territory (sec. 3041, C. L. of N. M. 1897) providing that depositions of witnesses residing within another State for use in any court in New Mexico may be taken before "any clerk of a court of record having a seal, or notary public" as well as before a duly appointed commissioner for New Mexico, is persuasive at least of the policy of the Territory to recognize the authority of clerks of a court of record having a seal or notaries public, in another State or Territory to administer the oaths of claimants to their claims of lien in conformity with the requirements of the New Mexico lien statute. Where the power of the officer to administer the oath generally in the State is shown to exist, many authorities uphold the power of such officer to administer oaths for use in a sister State or Territory without any express statute authorizing them to do so. Wood v. St. Paul Ry. Co. (Minn.), 44 N. W. 308; Hinton v. Life Ins. Co. (N. C.), 21 S. E. 201; Harris v. Barber, 129 U. S. 366; Windmill Co. v. Shay, 48 N. W. 896; Boisot on Mech. Liens, 456; Duggan v. Washugall Land and L. Co., 38 Pac. 856.

(Since this opinion was prepared the legislative assembly of New Mexico has legislated upon the subject here last discussed. Laws of N. M. 1901, chapter LXII, secs. 14 and 15.)

Appellants' third objection is that the lien of the Newton Lumber Company is void because prematurely filed: The court below found that the building was "substantially completed" at the time of the filing of the lumber company's lien. The only evidence upon this point before this court is to be found in the recital of facts in the findings of the court below and its conclusion of substantial performance therefrom. These findings we must therefore accept as true, and are; "That such claim of lien was filed on the forenoon of the sixteenth of September, 1895, at about ten o'clock; that when said claim was filed there remained only seven or eight hours work by one man to be done on stone carving; that the work on said building was all completed prior to the first of September, except said stone carving which was outside ornamental work; that but one man was employed in doing said work and that during all said time the second and third floors of the building were occupied for the purposes for which they were intended; that said carving was a part of the original plan specified in the contract with the contractor Kean, and that work on said building under said contract with said Kean began about August 1, 1894, and was prosecuted with said contract by said Kean and his bondsmen continuously under said exception of a few days temporary delay in the early part of July, 1895, from said time of beginning until the seventeenth day of September, 1895, in the forenoon of which day the last work upon said building under said contract was done." We therefore can inquire into the matter no further than to determine whether a substantial completion of the building is a completion thereof within the meaning of section 2221, C. L. of N. M., 1897, which provides "That every other person, save the original contractor claiming the benefit of this act, must within sixty days after the completion of any building file for record his claim." In construing this act, the Supreme Court of the United States in the case of Ford v. Springer Land Association, 168 U. S.

521, say: "Although mechanics' liens are the creation of statute, the legislation being remedial, should be so construed as to effect its object." One object of the act is to provide security to the materialman for the material used in the construction of a building until his lawful demands are paid. There is no dispute that the Newton Lumber Company in good faith furnished the material to be used and that it was so used in the construction of the building in question, and that its claim for the value thereof remained unsatisfied; nor that it has in good faith made, or attempted to make substantial compliance with the requirements of the statute. Interpreting this section (2221, C. L., 1897) by the rule of construction laid down by the Supreme Court of the United States, we must to effectuate the objects of the act, hold that a substantial completion is a compliance with the provisions of the statute and that this lien was not prematurely filed.

The fourth objection of appellants is that the cross bill of complaint of the Newton Lumber Company should have been stricken from the files because not signed by an attorney or counsellor of the court. The appellants having filed their answer to the merits of the cross-complaint of the Newton Lumber Company, and the cross-complainant having replied with replication duly signed by counsellors of the court, before objection was made by appellants that the crossbill of complaint should be stricken from the files because not signed by an attorney or counsellor of the court, we deem the irregularity in the signing of the crossbill to have been waived by appellants, and the subsequent order of the court permitting counsel to sign it *nunc pro tunc* as proper practice. I Daniel Chan. Plead. & Prac., 784 and 399.

It is fifthly contended by counsellor for appellants that as the contract between the Newton Lumber Company and the contractor, Kean, was made out of the

Territory, and the materials used in the construction of the building were delivered by it to the contractor f. o. b. cars at Pueblo, no lien in the company's favor can arise under the New Mexico statute.   We are of the opinion that under the circumstances presented by the record in this case, the rights of the sub-contractor to enforce the lien claimed are not impaired or destroyed by the fact that by said contract the Newton Lumber Company agreed to and did sell and deliver the materials in another State.   It appears from the complaint, the copy of notice of lien therein set forth, and the proofs, that the Newton Lumber Company "agreed to furnish the material for use in the construction of the building" in question and that it "agreed to perform certain labor to and for the contractor Kean and for use in the construction and completion of said Masonic Temple," and that it "did so furnish the material, perform certain work in Las Vegas on the building, put up the stairs, set the front and finish the Montezuma Club." The statute provides that "every person performing labor upon, furnishing materials to be used in the construction of any building  .  .  .  has a lien."   Section 2217, C. L. 1897.   It appears from the facts in the record before us that the Newton Lumber Company "was willing to furnish them (the materials) on the information it had of the character of the work;" that the materials were so furnished and used in the construction of the building, and the court below so found.   It is the furnishing of materials to be used in the construction and the putting of them into the building which entitles the sub-contractor to the lien upon the premises to the extent of the value of that material.   The case, cited by counsel for appellants, of Birmingham Iron Foundry v. Clencove Starch Mfg. Co., 78 N. Y. 30, is under a statute much more restrictive in its terms than ours, and the cases of Twitchell v. Steamboat Co., 12 Mo. 412, and Noble v. Steamboat Co., 12 Mo. 261, involved the question of the assertion of a lien for work performed on

boats outside of the State of Missouri, and these cases are therefore not a guide to correct judgment in the present case.   The statute of New Mexico is general and does not restrict the right of lien to cases where materials are sold and delivered in this Territory, and we conclude that the contention of counsel for appellants in this regard is not tenable.   Mallory et al. v. Abbatoir Co. (Wis.), 49 N. W. 1071; Campbell v. Coon (N. Y.), 44 N. E. 300; Gatey v. Casey et al., 15 Ill. 189.

And finally, it is further insisted that the provision of the lien law of New Mexico that the court may allow as part of the costs a reasonable attorney's fee in in the district and Supreme Courts is unconstitutional, as being in contravention of article XIV, sec. 1 of the amendements to the Constitution of the United States, providing, in part, that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws," and that, therefore, that part of the judgment allowing attorney's fees is unlawful.   The objection is based upon the alleged inequality of the law in giving attorney's fees to one who succeeds in establishing a mechanic's lien, but not to one who successfully defends a suit brought for that purpose.   A like provision was held constitutional in the case of Wortman v. Kleinschmidt, 30 Pac. 280 (12 Mont. 316), and that decision re-affirmed in Helena Steam Heating Co. v. Wells, 40 Pac. 78 (16 Mont. 65), and held unconstitutional in Grand Rapids Chair Co. v. Runnells, 43 N. W. 1006 (77 Mich. 104), and in Randolph v. Supply Company, 17 So. 721 (Ala.).   Such attorney's fees have been sustained by the Supreme Court of California (Jewell v. McKay, 82 Cal. 144; McIntyre v. Trautner, 78 Cal. 489; Rapp v. Gold, 74 Cal. 532), and by the Supreme Courts of several other States. An examination of the Michigan and Alabama cases,

above cited, shows that the decisions are founded upon the same deductions which had been announced as clearly stated in Wilder v. Railway Co., 70 Mich. 382 (38 N. W. 289), are that "the Legislature can not make unjust discriminations between classes of suitors without violating the spirit of the constitution. Corporations have equal rights with natural persons, as far as their privileges in the courts are concerned." The law of this Territory operates equally upon corporations and natural persons, and is not obnoxious to the criticism of the courts of Michigan nor of the Supreme Court of the United States in the cases of Ellis v. Railroad Co., 165 U. S. 150, relied upon by appellants. The decision of the Alabama court (Randolph v. Supply Company, supra), is also clearly founded upon a misapprehension of the reasoning in the Michigan cases, supra, and we can not regard it as controlling. We are therefore of the opinion that the legislative assembly of New Mexico had the power to declare that a reasonable attorney's fee in the district and Supreme Courts may be allowed as part of the costs.

Having carefully considered all of the objections presented by learned counsel for appellants, and finding no error in the record, the judgment of the court below will be affirmed, with costs. And it is so ordered.

McFie, Parker and McMillan, JJ., concur.

Chief Justice Mills, having tried the case in the lower court did not participate in the trial in this court.