WISCONSIN PLANING MILL COMPANY, Respondent, vs. GRAMS, Appellant.

*September 18 — October 9, 1888.*

*Lien for building materials: Sale to owner or contractor.*

After the plaintiff had refused to give credit to a contractor who had agreed to furnish the materials and build a house for the defendant, the defendant purchased lumber from the plaintiff which was used by the contractor in the construction of the house. The sale was made exclusively on the credit of the defendant, but, at the request of her agent, the bills were made out in the name of the contractor in order that he might receive the lumber and check the bills as it was delivered. *Held,* that the plaintiff was entitled, as an original contractor, to a lien on the building for the lumber so furnished.

APPEAL from the Circuit Court for *Milwaukee* County. Action to enforce a lien for building materials furnished by the plaintiff and used in and about the construction of a building upon land owned by the defendant. The facts will sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Clarke & McAuliffe,* and oral argument by *J. M. Clarke.* They contended that the plaintiff was not an original contractor with the defendant; that Czerwinski was the original and only contractor with the defendant; and that the plaintiff's lien, if any, was as a subcontractor under sec. 3315, R. S.

For the respondent there was a brief by *Rogers & Mann,* and oral argument by *C. D. Mann.*

COLE, C. J. It was admitted on the trial that the defendant was the owner of the premises against which a mechanic's lien was sought to be obtained; that her husband, Francis S. Grams, was authorized as agent to act for her. The circuit court found that the defendant, as principal

contractor, through her agent, contracted for and purchased from the plaintiff the lumber and building materials in question, which were used in the construction and erection of the house on the lot described. This finding is amply supported by the testimony. The evidence shows quite clearly and satisfactorily that the agents of the plaintiff sold the lumber to the owner of the building, and that Francis S. Grams purchased it for his wife and agreed to be responsible for its payment. It is said that Czerwinski was the contractor who had agreed to build the house and furnish all the material and labor therefor, and that the plaintiff sold the lumber to him. But it is very clearly proven that the plaintiff refused to trust Czerwinski for the lumber, and required other security or a more responsible party before it would furnish it for the building. Then the defendant, by her agent, as the court finds, purchased it, and it was delivered to her, and was actually used in the construction of the house. It is not attempted to hold her on the ground that she became responsible for the debt of Czerwinski, but upon her original promise or undertaking. This is the manifest theory of the action. There is no question under the statute of frauds in the case. The purchase must be deemed to have been that of the defendant, as the court finds and as the proof shows, and was sold exclusively on her credit. This very clearly was the nature of the contract made by the parties. But, as opposed to this view, it is said that the plaintiff's books show that the lumber was sold to Czerwinski, and that every bill for the lumber was made out in Czerwinski's name, and that the lumber was sent to him by the plaintiff. But the plaintiff's witnesses explain why the business was done in this manner, and say it was at the request of Grams, who wanted Czerwinski to check the bills and see that the lumber was received. Neither Grams nor his wife expected to be or were present on the ground to see that the lumber was

actually delivered. Therefore Czerwinski's name was put upon the bills that he might receive the lumber and check the bills as the lumber was delivered. So there is nothing in this circumstance that Czerwinski's name was on the books or the bills, when thus explained, that warrants the assumption that the plaintiff sold the lumber to Czerwinski, or that he purchased it on his own credit. If Grams purchased the lumber for his wife as her agent, and the lumber was actually used in her building, the plaintiff is entitled to a lien upon the building and premises for the amount still due. To our minds the case is very clear upon the evidence, and the judgment of the circuit court is therefore affirmed.

*By the Court.*— Judgment affirmed.