(December 17, 1894.)

## COLORADO IRON WORKS v. RIEKENBERG.

### [38 Pac. 651.]

MECHANIC'S LIEN—WHO AN ORIGINAL CONTRACTOR.—A materialman,
who contracts directly with the owner, and has no privity of in-
terest, or contract with the contractor for construction, is an
original contractor under the statutes of Idaho, and as such is
entitled to sixty days, provided by statute, within which to file
his lien.

(Syllabus by the court.)

APPEAL from District Court, Owyhee County.

L. Vineyard and D. D. Williams, for Appellant.

This is an action brought for the purpose of foreclosing a
lien on a certain quartz-mill and the land upon which the mill
is situated in Owyhee county, Idaho, under the provisions of
an act to secure liens for mechanics, laborers, materialmen and
other persons.   The defendant seems to rely on decisions of
the supreme court of California, where, under the peculiar

provisions of the law of that state, the court holds that materialmen are not original contractors, particularly *Sparks v. Butte County etc. Min. Co.,* 55 Cal. 389.   The law of California recognizes a clear distinction between contractors and materialmen, but the law of Idaho makes no such distinction. The law says, "The lien of materialmen, other than original contractor or subcontractor," thus showing that an original contractor may be a materialman.   The contract was entered into directly between the appellant and the party owning the property.   Under this state of facts, we do not see what position the appellant would occupy, other than an original contractor.   We think it clear that he was an original contractor within the meaning of the law, and entitled to four months from the accrual of the indebtedness in which to file his lien." (*Matthews v. Waggenhauser Brewing Assn.,* 83 Tex. 604, 19 S. W. 150; Phillips on Mechanics' Liens, sec. 40; *Hearne v. R. R. Co.,* 53 Mo. 324; *Wisconsin Planing Mill Co. v. Grams,* 72 Wis. 275, 39 N. W. 531; *Lane-Bodly Co. v. Jones,* 79 Ala. 156; *Gieger v. Hussey,* 63 Ala. 342; *Welch v. Porter,* 63 Ala. 225.)

George H. Stewart and W. E. Borah, for Respondent.

The only question in this case is as to the sufficiency of the complaint.   We contend on the part of the respondent that the complaint fails to state a cause of action for the following reasons: 1. Because the complaint shows that the lien was not filed within thirty days after the furnishing of the material and the completion of the contract; 2. Because the lien does not describe the land upon which the building or structure was erected for which the material was furnished; 3. Because the lien was not verified at the time it was filed; 4. Because the verification affixed to the lien is not in compliance with section 6 of the lien law of Idaho.   Section 6 of the lien law of Idaho, approved April 27, 1893, provides: "Every original contractor claiming the benefit of this chapter must, within sixty days, and every other person must, within thirty days, after the completion of any building, etc., file for record with the county recorder, etc., a claim containing a statement, etc."

(*Sparks v. Butte County etc. Min. Co.*, 55 Cal. 389; *Schwartz v. Knight*, 74 Cal. 432, 16 Pac. 235; *Hinckley v. Field's Biscuit Co.*, 91 Cal. 136, 27 Pac. 594.) The lien in question describes the property as "that certain lot and parcel of land at or near that certain quartz mining claim known as the Last Chance, situated in Owyhee county, Idaho." This is no description and fails to comply with section 6 and the lien is void for uncertainty. (*Tibbetts v. Moore*, 23 Cal. 208; *Curnow v. Blue Gravel Co.*, 68 Cal. 262, 9 Pac. 149; *Tredinnich v. Mining Co.*, 72 Cal. 78, 13 Pac. 152; *Penrose v. Calkins*, 77 Cal. 396, 19 Pac. 641; 15 Am. & Eng. Ency. of Law, 159.) A lien cannot be filed against the building alone; it must include land, or, if a mining claim, the mining claim on which the structure or building stands. (*Williams v. Mountaineer Gold Min. Co.*, 102 Cal. 134, 34 Pac. 702, 36 Pac. 388.) The verification is made by the agent of the plaintiff, yet the agent does not show that he has any knowledge of the facts contained in the claim of lien. This verification is insufficient. (*Dorman v. Cozier*, 14 Kan. 224.)

HUSTON, C. J.—The plaintiff, a corporation, made a contract with defendant, who is the owner of a certain mining claim situate in Owyhee county, Idaho, to furnish him certain machinery to be used in the construction of a quartz-mill upon or adjacent to said mining claim. By the terms of said contract the machinery was to be paid for upon delivery. The machinery was furnished according to contract, and was used in the construction of the said mill. The machinery was delivered and accepted on the twenty-first day of June, 1893. On the twenty-second day of July of same year plaintiff filed its notice of lien under the statutes, and in due time brought suit to foreclose the same. To the complaint filed by plaintiff in such foreclosure suit defendant filed a general demurrer, which was sustained by the court, and, plaintiff declining to amend its complaint, judgment was entered for defendant for costs. From such judgment this appeal is taken.

The only questions raised upon the hearing are: 1. Was plaintiff's notice of lien filed in time? 2. Does the notice of.

lien contain a sufficient description of the property sought to be encumbered thereby to answer the requirements of the statute? It is claimed by respondent that plaintiff, being a "materialman," is not nor cannot be considered an "original contractor," as that term is used in our statutes; and that, therefore, it was not entitled to the limit of sixty days provided by the statute for the filing of notice of lien by "original contractors"; and in support of this contention respondent cites several cases from California which would seem to support his position. There seems to be an irreconcilable conflict between the conclusions reached by the various courts which have been called upon to pass on this question. In California it is held that there can be but one "original contractor"; that although he who furnishes the material for the structure makes his contract directly with the owner—has no relation to or privity with the contractor for the erection of the structure—still the former is not an "original contractor," but only a "materialman." To illustrate: Section 10 of the Idaho lien law provides as follows (Laws 1893, p. 52) : "The original contractor or subcontractor shall be entitled to recover upon the claim filed by him only such amount as may be due to him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished to him," etc. Now, we will suppose that A desiring to erect a building, makes a contract with B, who resides in Boise city, where the building is to be erected, to perform all of the work upon such building from ground to roof for the gross sum of $5,000, and at the same time A makes a contract with C, who resides in Portland, Oregon, to furnish all the materials of every kind necessary to be used in such building for the sum of $10,000. If, as is claimed by the contention of respondent, B is the only "original contractor" and C is only a "materialman," and both find it necessary to file liens for their security, what sort of a position are they in? The amount of C's security from B cannot exceed the contract price B is to receive for erecting the building, and that only equals one-half of the contract price agreed to be paid by the owner to C for the material used in constructing the building. How can it be reasonably claimed

that under our lien law B has a higher right or is entitled to
more protection than C? But the provision of section 10 is
that the "original or subcontractor shall be entitled to recover
. . . . for work done and material furnished to him"; and the
"materialman" in this case has never furnished or agreed to
furnish any material to the "contractor," "original or sub."
All of his dealings have been with the owner; he has known no
one else—has given credit to.on one else; and yet, by the reason-
ing of the California cases, he is not an original contractor,
and his rights under the lien law are made subservient to those
of the original contractor for the building of the structure.
It seems to us that the beneficence of the statute is lost in such
a construction, and we are admonished by section 2, chapter
5, of our lien law, that all its provisions, and all proceedings
under it, are to be liberally construed, with a view to effect the
object of the act; and this is at variance with the rule in
California, where it is held the statute must be strictly con-
strued. (*Wood v. Wrede,* 46 Cal. 638.) A careful examina-
tion of the lien law of California will develop many and quite
important differences between it and the lien law of Idaho.
Under the statutes of Idaho any person contracting directly
and exclusively with the owner, and between whom and the
contractor for the construction of the structure there is neither
relation of interest nor privity of contract, is an original con-
tractor, and as such has the sixty days provided in the statute
for the filing of his notice of lien. In this construction we are
in accord with the courts of many states having a statute al-
most identical with ours. (*Matthews v. Association,* 83 Tex.
604, 19 S. W. 150; *Hearne v. Railway Co.,* 53 Mo. 325; *Bank
v. Dashiell,* 25 Gratt. 616; *Planing Mill Co. v. Grams,* 72
Wis. 275, 39 N. W. 531; Phillips on Mechanics' Liens, secs.
40-42; Jones on Liens, sec. 1283.) We think the description
of the property in the notice of lien sufficient. The judgment
of the district court is reversed, and the cause remanded, with
instructions to overrule the demurrer of defendant. Costs to
appellant.

Morgan and Sullivan, JJ., concur.