[No. 1246, August 16, 1910.]

## AARON GRAY, Appellee, v. NEW MEXICO PUMICE STONE CO., et al., Appellants.

### SYLLABUS.

1. Claim of lien held sufficient on its face as to its terms where record shows that there were no other terms or conditions than: "Claimant agreed to and with the New Mexico Pumice Stone and Lithograph Company, to work for said company for the sum of $3 per day and board."

2. In the case under consideration, the specific character of the labor performed by the lien claimant is not stated further than to say that it was labor performed in the construction of the mining claim on the land. This seems to be sufficiently definite and may include many different kinds of labor, for all of which, a claimant would be entitled to a lien.

3. Every person who deals directly with the owner of the property and who, in pursuance of a contract with him performs labor or furnishes material, is an original contractor within the meaning of the mechanics' lien statute.

4. Separate demurrer directly raises question whether the complaint and claim of lien stated facts sufficient to constitute a cause of action against the defendant demurring.

5. Attorney's fees properly allowed by trial court.

6. Under New Mexico mechanics' lien law, labor of any class bearing a direct relation to the mining operations held sufficient to form a basis for a claim of lien, and labor expended by a lien claimant in care of the team of horses upon a mining claim, and which are used in the mining operations thereon, as well as labor performed in a lime kiln, closing lime bins and gathering up tools at the lime quarry and lime kiln, all on the mining claim, furnish a basis for a claim of lien upon the mining claim.

7. The words "mining claim" mean a portion of the public mineral lands of the United States, to which qualified persons may first obtain the right of occupancy and posses-

sion by means of location, and secondly, title by pursuing certain prescribed methods therefore.

8.   Where title to limestone mine was originally obtained from government by means of an agricultural patent, has New Mexico mechanics' lien statute any application to labor performed upon any such lands?   Quaere.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice.   Affirmed.

HERBERT F. RAYNOLDS for Appellant.

A compliance with the statutory requirements is necessary in order to acquire a valid and enforceable lien. C. L. 1897, sec. 2221; 27 Cyc. pp. 42, 152, 154, 171, 110, 175 and cases cited; Phillips' Mechanics Liens, secs. 342, 359, 367, 366; 2 Jones on Liens, secs. 1390, 1391, 1389; 20 Am. & Eng. Encyclopedia of Law, Mechanics' Liens, pp. 380, 407 and cases cited; Pearce v. Albright, 12 N. M 202, 76 Pac. 286; Ford v. Springer Land Association, 8 N. M. 37, 41 Pacific 541; Fairhaven Land Co. v. Jordon, 32 Pac., Wash. 729; U. S. Savings Loan & Bldg. Ass'n. v. Jones, 37 Pac., Wash. 666; Warren v. Quade, 29 Pac. 829; White v. Mullins, 31 Pac. 801, 3 Idaho 434; Hooper v. Flood, 54 Cal. 218; Bradbury v. Improvement Co., 10 Pac. 620; Canal Co. v. Gordon, 6 Wall. 561; Minor v. Marshall, 6 N. M. 195; 13 Pa. 167; Finane v. Hotel Co., 3 N. M. 256; Baldwin v. Merrick, 1 Mo. App. 281; Tuttle v. Moutford, 7 Cal. 358; Barnes v. Thompson, 2 Swan, Tenn. 313; Barnard v. McKenzie, 4 Colo. 251; 15 A. & E. Enc. Law 179; Baisot on Mechanics' Liens 401; Gates v. Brown, 1 Wash. 470; Wagner v. Hansen, 103 Cal. 104; Morrison v. Willard, 70 A. S. R. 786, 17 Utah 306; 53 Pacific 833; Bertheolet v. Parker, 43 Wis. 551; Malter v. Falcon Min. Co., 18 Nev. 209; Wagner v. Hansen, 103 Cal. 104; Fernandez v. Burlson, 110 Cal. 164, 52 A. S. R. 75, 42 Pac. 566; Madera Flume Co. v. Kendall, 120 Cal. 182, 52 Pac. 304, 65 A. S. R. 177; Cal. Code of Civil Procedure, sec. 1187; Wood v. Wrede, 47 Cal. 637; Phil-

lips v. Maxwell Mining Co., 49 Cal. 336; Ehdin v. Murphy, 170 Ill. 339, 48 N. E. 956, M.; MacDonald v. Rosengarten, 134 Ill. 126, 25 N. E. 429; Pitschke v. Pope, 20 Colo. Appeals, 328, 78 Pac. 1077; Boyle v. Mining Co., 9 N. M. 237, 50 Pac. 347.

When lienable and non-lienable items are joined and cannot be separated, and one lumping charge is made, as here, the whole claim of lien is invalid. Boyle v. Mining Co., 9 N. M. 237, 50 Pac. 347; Wharton v. Real Estate Investment Co., 180 Pa. State 168, 36 Atlantic 7; 27 Cyc. Mechanics' Liens, 172, note 77 and cases cited; Williams v. Toledo Coal Co., 42 A. S. R. 799, 36 Pac. 159; Hughes v. Lansing, 75 A. S. R. 574, 55 Pac. 95; Evans Marble Co. v. International Trust Co., 109 A. S. R. 568; 101 Md. 216, 60 Atlantic 667.

C. L. 1897, sec. 2229, allowing attorney's fees to the successful plaintiff and not to the defendant if he is successful, is unconstitutional. Gulf etc., Ry. Co. v. Ellis, 165 U. S. 150, 17 S. C. 255, 41 L. ed. 666; Builders' Supply Depot v. O'Connor, 88 Pac., Cal. 983; Union Lumber Co. v. Simons, 89 Pac. 1080; Farnham v. California Safe Deposit & Trust Co., 96 Pac. 788; Davidson v. Jennings, 83 A. S. R. 49; Wilder v. Chicago, etc., Ry. Co. 70 Mich. 382, 38 N. W. 289; Davidson v. Jennings, 83 A. S. R. 50, 54, 56, 60 Pac. 354, 27 Colo. 187, 48 L. R. A. 340; Atkinson v. Woodmansee, 74 Pac. 640, 68 Kas. 71, 64 L. R. A. 325; Hocking Valley Coal Co. v. Rosser, 41 N. E. 263, 53 Ohio State 12, 29 L. R. A. 386; Grand Rapids Chair Co. v. Runnels, 43 N. W. 1006, 77 Michigan 104; Perkins v. Boyd, 65 Pac. 360, 16 Colo. App. 266; Joliffe v. Brown, 44 Pac. 149, 14 Wash. 155, 53 A. S. R. 868.

FELIX H. LESTER for Appellee.

Under our code there is but one form of action in the territory and if the complaint states facts which entitle the plaintiff to relief either legal or equitable it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Dodge v. Trust Co., 106 U. S. 445; White v. Lyons, 42 Cal. 282; Poett v. Stearns,

28 Cal. 228; Bender-Moss on Law of Mech. Liens and B. C., sec. 729; Fleming v. Albeck, 67 Cal. 227, 7 Pac. 659; Knowles v. Baldwin, 125 Cal. 224, 57 Pac. 988; White v. Lyon, 42 Cal. 282; Poett v. Stearns, 28 Cal. 228.

Any insufficiency or uncertainty in the complaint was cured by the judgment. Lund v. Ozanne, 84 Pac., N. M. 710; Territory v. Watson, 78 Pac., N. M. 504; Territory v. Eaton, 79 Pac., N. M. 713; Howell v. The City of Philadelphia, 38 Penna. St. 471; School v. Gerhab, 93 Penna. St. 346; Perez v. Barber, 7 N. M. 223; Coler v. Board of County Commissioners, 6 N. M. 88; Phillips on Mech. Liens, sec. 35; Tel. Co. v. Longwell, 5 N. M. 316; Barruel v. Irwin, 2 N. M. 224; Bullard v. Lopez, 7 N. M. 561; Herlow v. Arman, 3 N. M. 471; Curran v. Kendall Shoe Co., 8 N. M. 417.

The Mechanics' Lien Law being remedial in its nature and equitable in its enforcement, should be liberally construed. Ford v. Springer Land Association, 8 N. M. 37; Post v. Miles, 7 N. M. 323.

The New Mexico Lien Law was adopted from California and the decisions of the Supreme Court of that state should be followed here. Perea v. Colo. National Bank, 6 N. M. 1; Lutz v. A. & P. R. R. Co., 6 N. M. 497.

A substantial compliance with the statute as to the claim of the lien is all that is required. Post v. Miles, 7 N. M. 323; Hobbs v. Spiegelberg, et al., 3 N. M. 357; Benders-Moss Law of Mech. Liens and B. C., secs. 370, 371, 394; Ascha v. Fitch, Cal., 46 Pac. 298; Hagman v. Williams, 88 Cal. 151, 25 Pac. 1111; Russ Lumber Co. v. Garrettson, 87 Cal. 595, 25 Pac. 747; McGinty v. Morgan, 122 Cal. 105, 54 Pac. 392; Macomber v. Bigelow, 126 Cal. 16, 58 Pac. 312; Castagnetto v. Coppertown Mining & Smelting Co., 146 Cal. 329, 80 Pac. 74; Durling v. Gould, 83 Me. 134; Wood v. Crede, 46 Cal. 637; Malone v. Big Flat Gravel Co., 76 Cal. 578; Newell v. Brill, 83 Pac. 76; Bryan v. Abbott, 131 Cal. 222, 63 Pac. 363; Cal. Code Civil Proc. sec. 1187; Hill v. Ohlig, et al, 63 Cal. 104; Jewell v. McKay, 82 Cal. 144, 152, 23 Pac. Rep. 139; Lonkey v. Wells, 16 Nev. 74, 271; Phillips on Mechanics' Liens, secs. 342, 350, 353; Cohn v. Wright, 89

Cal. 86; Tredinnick v. Mining Co., 72 Cal. 78, 80, 13 Pac. 152; Kelly v. Plover, 103 Cal. 35, 36 Pac. 1020; Reed v. Norton, 90 Cal. 596, 597, 26 Pac. 767, 27 Pac. 426; Blackman v. Marsicano, 61 Cal. 639; Germania B. & L. Association v. Wagner, 61 Cal. 349; Selden v. Meeks, 17 Cal. 128.

Where the claim avers that the work was done within the period allowed for filing the lien, the claim is valid, though the bill of particulars does not show this fact affirmatively. It may be made to appear by evidence that the work was done within a specified time, which is a question of fact for the jury. Phillips on Mech. Liens, secs. 362, 357, 359; McKay's Appeal, 37 Pa. 125; Bender-Moss on Mech. Liens & B. C., sec. 397, and cases cited, 695; Bryan v. Abbott, 63 Pac. 363; Hill v. Ohlig, et al, 63 Cal. 104; Sullivan v. Grassvalley Q. M. & M. Co., 77 Cal. 418, 19 Pac. 757; Board of Education v. Greenbaum, 39 Ill. 610; Malone v. Big Flat Gravel Co., 76 Cal. 578.

Attorney's fees were properly allowed. Genest v. Las Vegas Masonic Building Association, 11 N. M. 251.

## STATEMENT OF THE CASE.

This is an action to foreclose a mechanic's lien upon Section 10, Township 11 N., Range 11 West, in Valencia County. The decree of foreclosure was awarded and declared the lien of appellee prior to the mortgage of defendants, of whom, M. W. Flournoy, the only appellant, was one. Appellant, with some of his co-defendants, interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled. Thereupon, appellant, with some of his co-defendants, put in a general denial. The owner of the property, the New Mexico Pumice Stone Company, did not appear. Upon the trial, the court found, among other things, that the labor performed by appellee consisted:

(1). In actual manual labor in a limestone quarry on the premises.

(2) In overseeing the work of laborers with whom he worked.

(3)   Labor at a lime kiln located on the premises.

(4)   In taking care of the horses and teams after said kiln had ceased to be operated and most of the laborers working at said kiln had departed; in closing up the lime bins, collecting tools about the kiln and quarry and in putting the property in shape so that it could be left without a caretaker.   There were no items in either the claim of lien or complaint showing separately what was the value of the work done in the quarry, and what was the value of the work done at the kiln.   We assume that there was no evidence making clear the amount of work done in either of the several capacities mentioned.

### OPINION OF THE COURT.

PARKER, J.—1.   Objection is made to the claim of lien on the ground that it fails to state the terms, time given and condition of the contract under which the labor was performed, as is required by Section 2221 of the Compiled Laws of 1897, which is as follows:

"Every original contractor, within ninety days after the completion of his contract, and every person, save the original contractor, claiming the benefit of the act, must within sixty days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county recorder of the county in which such property or some part thereof is situated, a claim containing a statement of his demands, after deducting all just credit and offset, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms, time given and conditions of his contract, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person."

The terms of the claim of lien are as follows:

"Claimant agreed to and with the New Mexico Pumice Stone and Lithograph Company, to work for said company for the sum of $3 per day and board."

This is certainly a very meagre statement. But, can it be said, that it is so insufficient as to invalidate the lien? If the terms and conditions of the contract, as stated, were the only terms and conditions agreed upon, none others could be stated. If no time was given, then no statement could be made on the subject. There is nothing in this record to show that there were, in fact, any other terms or conditions in the contract of employment than those expressed. Under such circumstances, the claim of lien is clearly not open to attack by demurrer. We therefore hold that the claim of lien is sufficient on its face in this particular.

2. The lien claim is challenged on the ground that it fails to show the character of labor for which it is asserted. This requirement, in so far as it exists, arises out of the provision of the statute heretofore quoted, to the effect that the claim of lien shall contain "a statement of his demands." In some jurisdictions, as for instance in Washington, this provision has been quite strictly construed, and it is there held that it must appear what the labor or materials were for which the claim is asserted. See Warren v. Quade, 3 Wash. 750.

In other jurisdictions, it is held, more properly as we believe, that a statement of the general nature of the materials furnished, or labor performed, together with the amount claimed to be due therefor, after deducting all just credits and offsets, is all that is required. Jewell v. McKay, 82 Cal. 150; McClain v. Hutton, 131 Cal. 133; Maynard v. Ivey, 29 Pac. 1090.

In the case under consideration, the specific character of the labor performed by the lien claimant is not stated, further than to say that it was labor performed in the construction of the mining claim on the land. This seems to be sufficiently definite and may include many different kinds of labor, for all of which, a claimant would be entitled to a lien.

3. Objection is made to the claim of lien, upon the ground that it was not filed for record in time. The objection is based upon the proposition that the lien claimant is not an original contractor within the meaning of the

section above quoted. There has been much diversity of opinion and confusion as to the meaning of these words in a statute like ours, but we think that the Idaho court, under a statute identical in terms with ours, has announced the true rule, namely,—that every person who deals directly with the owner of the property and who, in pursuance of a contract with him performs labor or furnishes material, is an original contractor within the meaning of the statute. Colorado Iron Works v. Riekenberg, 38 Pac. 651.

The same holding prevails in Texas, Missouri, Virginia and Wisconsin, and the cases from those states are cited in the Idaho opinion.

We therefore hold that the claim of lien in this case was filed in time.

4. It is urged by appellee that the objections to the claim of lien heretofore discussed are not available to the appellant for the reason that his demurrer, being general, and the complaint stating a cause of action against the owner of the property for money due, the demurrer was, at any event, properly overruled, and consequently, these objections to the claim of lien were never properly presented to the court below. In this he is in error. This was a separate demurrer by a subsequent incumbrancer. Had the demurrer been joint with the owner, perhaps his proposition would be sound, but being a separate demurrer, it directly raises the question whether the complaint and claim of lien stated facts sufficient to constitute a cause of action against the defendant demurring. Mark Paine Lumber Co. v. Douglass Imp. Co., 94 Wis. 322.

5. Appellant, in his 6th assignment, complains of the allowance by the court below of an attorney's fee to the appellee and urges upon the court a reconsideration of the constitutionality of the lien statute under which the same was allowed. We do not, however, deem it necessary to re-examine the question, this court having settled it in favor of the constitutionality of the statute in the cases of Genest v. Las Vegas Masonic Building Association, 11 N. M. 251, 67 Pac. 743, and Baldridge v.

Morgan, 106 Pac. 342. See Cascaden v. Wimbish, 161 Fed. 241.

6. The appellant contends that the claim of lien was for work performed by appellee of a character, in part, which furnished no basis for a claim of lien, and this raises the only question in the case requiring much consideration. As already appears, the labor performed by appellee was in working in a lime quarry as a laborer, working as a sort of foreman with other laborers and directing them in their work, working at the lime kiln, gathering up tools, closing lime bins and caring for teams of horses, and nowhere does it appear how much labor was expended by him in these several capacities. The question, under the circumstances in this case, might well raise two points for consideration, namely,—Is the work shown to have been performed by appellee within the terms of the claim of lien? and second,—Is such work within the terms of the statute?

The first point might be a very serious one under the terms of the claim of lien, which declares "said lien being claimed for labor and services in the construction of the mining claim on the said land," but the point does not seem to be raised in the brief. It may well be doubted whether labor in a lime kiln, in gathering up tools, caring for teams of horses, or closing lime bins, is work in the construction of a mining claim, if, indeed, the word construction can be properly used in connection with work upon a mine. However, the draftsman of the claim of lien evidently intended by the use of the word to confine the scope of the lien to such labor as was actually performed in the mining of lime rock, and there is a variance between the proof and the allegation in this regard. At any rate, as above stated, this point does not seem to be raised.

The second point, however, is raised and it becomes necessary to determine whether the work shown to have been performed is within the terms of the statute. As to all of the classes of labor, save that of caring for the teams of horses, there would seem to be no difficulty whatever in concluding that the same furnishes a basis for a claim of lien under the statute. They were all work upon or in a

Gray v. Pumice Stone Co.

mining claim within the terms of our statute. They all bear direct relations to the mining operations being carried on by the owner of the premises, and consequently in most, if not all of the states, would be held to furnish the basis for a claim of lien. But the labor expended in caring for the horses of the mine owner, the extent and value of which is unknown, is more remote and under some of the mechanc's lien statutes would be held not to furnish a foundation for a claim of lien. Of course, the original idea underlying the mechanic's lien statutes was that where the person contributed his labor or materials to the construction of a building or other improvement, the owner ought in equity and good conscience be made to pay for the increased value of the property by reason of the labor or materials of the lien claimant. But, in mining, it cannot be said that the labor of a man adds to the value of the mine. On the other hand, it necessarily, except in strictly prospecting and development work, detracts from the value of the mine by removing therefrom its ores, which, when exhausted, leave the mine valueless. It may well be argued, therefore, that the statutes extending liens to laborers upon mining claims were intended to include all laborers of every class and kind who may be employed in and about the mining operation thereon. Where the specific relation which the labor of a lien claimant must bear to the property is pointed out in the statute, of course, no other labor furnishes the basis for a claim of lien, but where the statute is general in terms, as ours is, and provides for a lien of any person who performs labor upon or in a mining claim, we see no reason why labor of any class bearing a direct relation to the mining operations should not be sufficient to form a basis for a claim of lien. It has been so held under a statute identical in terms with ours. Thompson v. Wise Boy Co., 9 Ida. 363, 74 Pac. 958; Idaho Co. v. Davis, 123 Fed. 396; See 27 Cyc. 770; Cascaden v. Wimbish, 161 Fed. 241.

We therefore hold that the labor expended by a lien claimant in care of the teams of horses upon a mining claim, and which are used in the mining operations thereon, as well as labor performed in a lime kiln, closing lime

bins and gathering up tools at the lime quarry and lime kiln, all on the mining claim, furnish a basis for a claim of lien upon the mining claim. It follows, therefore, that the contention that the claim of lien is for classes of labor for which no lien can be allowed, is not well founded.

7. A point not mentioned in the briefs seems to deserve at least passing notice. Our statute provides for liens upon mining claims. The word "mining claim" in the mining country has a certain well understood meaning, namely,—a portion of the public mineral lands of the United States, to which qualified persons may first obtain the right of occupancy and possession by means of location, and secondly,—title by pursuing certain prescribed methods therefor. It appears in this case that this mine is a limestone mine consisting of a section of land. How the title of the defendant owner was acquired does not appear, but it is quite within the possibilities that the same may have been acquired from the government by the predecessor in title of the present owner by means of an agricultural patent of some kind. The question, if such were the case, would then arise whether the lien statute has any application to labor performed upon any such lands. It is entirely unnecessary for us to decide the question in this case as the same is not raised, and there is nothing before us to show the origin of the title. See 27 Cyc. 534; Marsch et al., v. De Ardo, et al., 107 Cal. 622, 40 Pac. 1018.

There being no error in the record, the judgment of the lower court will be affirmed; and it is so ordered.