[No. 3446, Aug. 6, 1930.]

[Rehearing Denied, Sept. 5, 1930.]

## FREIDENBLOOM v. PECOS VALLEY LUMBER CO.

[290 Pac. 797.]

W. .C. Whatley, of Las Cruces, for appellant.

A. H. Hudspeth, of Carrizozo, and Tomlinson Fort, of Roswell, for appellee.

OPINION OF THE COURT

SIMMS, J.

Bailey sued Riddle on an account and attached a lot upon which Riddle had previously erected a filling station while he was in possession under an executory contract of purchase. John A. Freidenbloom intervened, claiming to be the owner of the land and improvements, and resisted the attachment. Pecos Valley Lumber Company also intervened, claiming a materialman's lien on the filling station and lot for lumber and other building material which it alleged Riddle bought from it and used in erecting the improvements. Freidenbloom resisted the lien; Riddle

defaulted and trial was had as between Freidenbloom, the owner of the property, and the lumber company as lien claimant. From a judgment in favor of the latter, foreclosing the lien, Freidenbloom appeals.

■ Appellant challanges the correctness of the trial court's ruling that the Pecos Valley Lumber Company was "an original contractor" within the meaning of Comp. St. 1929, § 82—206, and as such had 120 days after the completion of its contract within which to file its claim of lien. He argues that, since we have held in Gray v. Pumice Stone Company, 15 N. M. 478, 110 P. 603, that one who deals directly with the owner of the property is an original contractor, and since Riddle was not the owner of the legal title to the lot when he contracted for the material to build the filling station, but was simply a conditional vendee in possession, the Pecos Valley Lumber Company, when it furnished material, did not deal with the "owner," and was therefore not an original contractor. The argument is not sound. In the Gray Case we used the word "owner" in the same sense as it is used in our mechanic's lien statute. It does not necessarily refer to the holder of the legal title to the property improved. It may have reference to one whose interest is less than a fee-simple estate, such as a lessee or a conditional vendee in possession. It means the party in interest who is the source of authority for the improvement. One who deals with such a party directly is contracting with the "owner," and is not a subcontractor, but is an "original contractor." Albuquerque Lumber Co. v. Tomei, 32 N. M. 5, 250 P. 21; Mitchell v. McCutcheon, 33 N. M. 78, 260 P. 1086; Boyer v. Keller, 258 Ill. 106, 101 N. E. 237, Ann. Cas. 1916B, 628; Builders' Supply Co. v. Eggmann, 190 Ill. App. 572; Colorado Iron Works v. Riekenberg, 4 Idaho, 262, 38 P. 651; 18 R. C. L. "Mechanics' Liens," par. 39. There was no error in the ruling complained of.

■ Several other very interesting questions are argued by appellant, but, since all of them rest upon the assumption that the testimony does not support the findings made by the trial court, we are unable to reach or consider them,

because we find that there was substantial evidence to support the findings made.

It follows that the judgment should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and WATSON, JJ., did not participate.