299 P.2d 472

John S. HILL, Plaintiff-Appellee,

v.

W. R. LONG, Defendant-Appellant.

No. 5990.

Supreme Court of New Mexico.

July 14, 1956.

Shipley & Seller, Alamogordo, for appel-
lant.

Frazier, Cusack & Snead, Roswell, for appellee.

KIKER, Justice.

This suit was for foreclosure of a mechanic's lien.

Long, defendant-appellant herein, as seller, and one Wheeler, as purchaser, entered into a verbal agreement whereby Wheeler was to purchase certain real estate from Long. Wheeler paid $400 down on the purchase price and was let into possession of the property for the purpose of making such changes, alterations or additions to the building thereon as would make it suit his purposes. Wheeler, being in possession of the property, employed plaintiff, a carpenter, to do the work of alteration or addition.

The agreement between Long and Wheeler was such that Wheeler was to make another payment on July 1, 1953, that date apparently being within a month of the making of the agreement. Plaintiff began work on the property on June 21, 1953, and continued working thereon until July 11, 1953. During the time plaintiff was engaged in work, Long was on the property frequently and made some suggestions as to the manner in which the work should be done. Wheeler failed to make the July 1 payment and Long ordered him, on July 11, to stop work, which he did, so plaintiff ended his work on that date.

The legal title remained in the defendant at the time the contract was made and has been in his name at all times. Notwithstanding that Long held the legal title at the time the work began and at all times thereafter, and that he knew that work was being done on the building, he did not post notice that he would not be liable for any work done or materials furnished.

Plaintiff filed his claim of lien November 5, 1953. One of the findings of fact is that the lien was *"timely filed"*. (Emphasis supplied.) The court also found that Wheeler "abandoned" work on the building on July 11, 1953.

Much is said in the briefs about the statute, 1953 Comp. § 61–2–6, which allows to those working under original contractors 90 days in which to file a lien for default in payment of that which they have earned; and it is much argued as to when the work was abandoned, in the meaning of the law, and as to the date when the 90 days began to run. We think it is wholly unnecessary to give any consideration as to any abandonment.

Wheeler was let into possession of the real estate in question for the very purpose of making such changes, alterations or additions as would make the property suit his purposes. He was therefore authorized to make arrangements with a workman or workmen for the purpose of making such changes; and he so employed the plaintiff.

Mr. Wheeler, at the time he employed plaintiff, was an owner, subject to defeas-

ance, of the real estate involved, notwithstanding that the legal title was in the name of defendant. This court has held that one who is employed by an owner of real estate to do such work as plaintiff was doing is an original contractor. The statute does not run against original contractors before 120 days.

In Gray v. New Mexico Pumice Stone Co., 15 N.M. 478, 110 P. 603, 604, the lien claimant appeared to have been a laborer who also worked to some extent as a foreman of laborers and as a caretaker of property and equipment. The court adopted the construction placed upon an identical statute in Idaho:

" * * * that every person who deals directly with the owner of property and who, in pursuance of a contract with him, performs labor or furnishes material, is an original contractor within the meaning of the statute."

The laborer was held to be an original contractor.

The question of interpretation of the term "owner" came up in the case of Freidenbloom v. Pecos Valley Lumber Co., 35 N.M. 154, 290 P. 797, 798, where it was argued that a conditional vendee in possession was not an owner within the meaning of the statute and that therefore one who dealt directly with the conditional vendee in possession could not be an original contractor.

The court disposed of this argument, saying:

"In the Gray Case we used the word 'owner' in the same sense as it is used in our mechanic's lien statute. It does not necessarily refer to the holder of the legal title to the property improved. It may have reference to one whose interest is less than a fee-simple estate, such as a lessee or a conditional vendee in possession. It means the party in interest who is the source of authority for the improvement. One who deals with such a party directly is contracting with the 'owner,' and is not a subcontractor, but is an 'original contractor.' "

The facts found by the trial court show that Wheeler had paid a part of the purchase price for the real estate and had taken possession thereof in the month of June for the purpose of making improvements. It was then expected that he would remain permanently in possession, making the payments which would fall due later, beginning July 1. He was, as said above, "owner" at at the time plaintiff began work and, at least until July 11, such an owner as. made him "the party in interest who is the source of authority for the improvement."

At all times the defendant Long held legal title and knew the work was being done and, as was said above, went upon the

property while work was being done and at times made suggestions as to the method of doing the work. It was his duty under the statutes of this state, if he wished to protect his interest in the real estate against the possibility of lien claims, to post notice upon the property that he would not assume any responsibility for any work done or materials furnished. § 61–2–10, N.M.S.A.1953; Albuquerque Lumber Co. v. Montevista Co., 39 N.M. 6, 38 P.2d 77; Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220; Skidmore v. Eby, 57 N.M. 669, 262 P.2d 370.

After the defendant stopped Wheeler from working on the property as above stated, no further payments were made by Wheeler, and defendant has retained the legal title and has been in possession of the property since that time.

Plaintiff, as we have shown, was an original contractor and so, as held by the trial court, his lien was filed within the time allowed by law.

The trial court was correct, therefore, in foreclosing plaintiff's lien. The judgment of the trial court should be and is hereby affirmed; and plaintiff is allowed the additional sum of $100 for attorney's fees in this court. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.