455 P.2d 266

**Bill HALL and Fred Ziede, Appellants,**

v.

**Adam KELLER, Appellee.**

**No. I CA–CIV 628.**

Court of Appeals of Arizona.

May 29, 1969.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for appellants.

Moore & Moore, by Robert C. Moore, Phoenix, for appellee.

STEVENS, Judge.

This is an appeal from a judgment entered in favor of plaintiff (appellee) and against defendants (appellants) in an action to recover the unpaid balance of a contract for the sale of certain fixtures and restaurant equipment.

The contract sued upon was dated 18 June, 1962 and was executed by plaintiff, as seller, and defendants, as purchasers of used restaurant equipment situated in a building previously used by plaintiff in the operation of a restaurant business. Shortly before the contract was executed plaintiff moved his restaurant business to a new location. Defendants purchased the equipment for the purpose of resale. The contract provided for a total purchase price of $4,000 of which $1,000 was paid upon execution of the agreement. The remaining $3,000 balance was to be paid "no later than July 1, 1962." The contract further provided that defendants would be given a key to the premises wherein the equipment was situated but that the equipment could not be removed until the remaining $3,000

balance was paid, unless otherwise permitted by plaintiff. It was further provided that defendants would remove all of the equipment from the premises by 1 July, 1962.

Immediately after the contract was executed defendants went onto the premises wherein the equipment was situated and commenced selling various items of the equipment. They continued to do so for approximately 30 days, part of which time was beyond the contract date defendants were to have completed full payment of the contract price and were to have removed the equipment from the premises. Approximately 30 days after the contract was executed defendants removed the equipment which they were unable to sell to a warehouse and were still in possession of the equipment at the time of trial. During the period of time defendants were engaged in selling the equipment, payments totaling $991.24 were made to plaintiff, leaving an unpaid balance due under the contract in the amount of $2,008.76. No other payments were made to plaintiff. While defendants were in the process of removing the unsold items of equipment to their warehouse plaintiff made an "arrangement" with defendants whereby plaintiff was permitted to take a few items of equipment which he needed in his relocated business. By the "arrangement" plaintiff agreed to take the items "off of their (defendants) bill." No fixed amount was agreed upon as to the amount which would be credited against the unpaid contract price owing by defendants. However, evidence adduced during the trial established the value of the equipment taken by plaintiff as being $230. It was also established at the trial that approximately three weeks after execution of the contract defendants had, at the request of plaintiff, undertaken the responsibility for removing a large neon sign on the building wherein the equipment was situated, but the amount to be paid to defendants for removal of the sign was not agreed upon. It was further established that about two years after execution of the original agreement, plain-

tiff was permitted to take a small electric motor to his business, but again, no amount was agreed upon.

On 26 February, 1964, plaintiff commenced an action against defendants to recover $1700, which amount was alleged to be due under the contract. The case was tried to the court sitting without a jury and on 18 January, 1967, judgment was entered in favor of plaintiff for $1250 plus costs and interest. Defendants thereafter moved for a new trial and to amend or alter the judgment, the motions were denied and defendants appealed.

Defendants first contend that plaintiff was not entitled to judgment for the unpaid balance of the contract price because title to the equipment never passed to defendants. In support of this contention defendants urge that the contractual provision that the equipment could not be removed until the contract price was paid precluded title from passing since full payment was never made. Therefore, defendants argue, an action for the price will not lie under A.R.S. § 44–263, subsec. A.

A.R.S. § 44–263 designates an action for the price of goods sold as one of the remedies available to a seller under the Uniform Sales Act. Subsection A thereof provides:

"A. Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

A.R.S. § 44–218, which is also a provision of the Uniform Sales Act, states that property in goods passes to the buyer when the parties so intend. Section B of A.R.S. § 44–218 sets forth the factors to be considered in determining what the parties intended:

"For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the

**586**

conduct of the parties, usages of trade and the circumstances of the case."

Although the above provisions of the Uniform Sales Act were repealed by our Legislature with the enactment of the Uniform Commercial Code which became effective 1 January, 1968, the present action arose prior to repeal of the Uniform Sales Act and is accordingly governed thereby. A.R.S. § 44–3201, 14 A.R.S.

■ The contractual provision urged by defendants as evidencing retention of title by plaintiff states as follows:

"The balance will be paid before and (sic) equipment or fixtures are to be removed from the permises (sic) except by sellers (sic) permission."

Although this provision, when considered alone, may be evidence that the parties intended that title remain in plaintiff until defendants completed full payment, the conduct of the parties is wholly inconsistent with ownership remaining in plaintiff. Defendants were given a key to the premises immediately after the contract was executed. They went on to the premises and commenced selling the equipment. The equipment which they were unable to sell was removed to a warehouse leased by defendants and they were ·in possession of the same at the time of trial. We hold that there was sufficient evidence to support the apparent finding of the trial court that title had passed to defendants and that plaintiff was entitled to maintain his action pursuant to A.R.S. § 44–263, subsec. A.

Defendants next contend that plaintiff was not entitled to maintain an action on the unpaid balance of the original contract price because the "arrangements" made by plaintiff and defendants with reference to the items of equipment taken by plaintiff and removal of the sign by defendants resulted in a modification of the original contract price. Defendants accordingly urge that plaintiff's remedy was to sue for recovery of the contract price as modified and that his failure to establish the amount of the modified contract price, or reasonable value of the articles sold under the modified contract, resulted in a failure of proof on the part of the plaintiff.

■ We do not find the record to support defendants in this respect. The burden of proving that a contract has been modified is cast upon the party asserting modification. Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541 (1965). The original contract did not segregate the price for each item of equipment sold under the contract but rather provided for the sale of all the equipment for one price. Defendants offered no evidence indicating that the parties intended to abrogate the original contract price. Contrariwise, both parties testified that the price of the items taken by plaintiff was never agreed upon. The undisputed testimony of plaintiff was to the effect that the amount owing to defendants for the equipment taken and for removal of the sign would be credited against the amount owing by defendants on the original contract price. We are of the opinion that the evidence reasonably supports the trial court's apparent conclusion that the "arrangements" in question did not result in a modification of the original contract but were rather set-offs to be applied against the amount owing by defendants to plaintiff on the·unpaid balance of the original contract.

■ Defendants last contend that the trial court erroneously excluded evidence offered by defendants for the purpose of establishing an implied warranty in relation to a bar which constituted part of the equipment sold under the contract. Plaintiff's counsel objected to the admission of evidence pertaining to implied warranty on the grounds that an implied warranty did not apply to used products. The objection was sustained. Defendants made no offer of proof. Defendants now contend that an implied warranty does extend to used goods and in support thereof rely upon Singleton v. Dunn, 71 Ariz. 150, 224 P.2d 643 (1950). In Singleton it was held not error for the trial court to instruct the jury on implied warranty with reference to used drilling equipment. We need not dis-

cuss the applicability of Singleton to the instant case since defendants made no offer of proof in relation to the excluded testimony. Rule 43(h), Rules of Civil Procedure, 16 A.R.S.; Williams v. Long, 1 Ariz.App. 330, 402 P.2d 1006 (1965). Judgment affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.