476 P.2d 524

**RAY SUITER AND SON CONSTRUCTION CO., Inc., Appellant,**

v.

**ALLIED CONTRACT BUYERS, a corporation, Galen R. and Ruth Snell, husband and wife, the Valley Lumber Company, an Arizona corporation, Gibraltar Savings and Loan Association, a corporation, Phil Stone Company, Inc., Building Specialties, a corporation, Lucero Contracting Company, a co-partnership, the United States of America, John Doe, Ralph Doe, Black Corporation, White Corporation, Appellees.**

**No. 1 CA–CIV 1226.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 12, 1970.

Lewis & Roca, Phoenix, by John P. Frank, Phoenix, for appellant.

Renaud, Cook, Miller & Cordova, Phoenix, by Joseph B. Miller, Phoenix, for Allied Contract Buyers and Gibraltar Savings & Loan Assn.

Robert P. Davidson, Scottsdale, for Lucero Contracting Co.

JACOBSON, Judge.

This case involves one of two appeals taken from the same civil action in the Superior Court of Maricopa County arising out of a determination of the validity and

priority of various mechanics' liens and mortgage liens.

The original action was filed by plaintiff-appellant, RAY SUITER & SON CONSTRUCTION CO., INC., hereinafter referred to as "Suiter", seeking to foreclose its mechanic's lien on certain real property located in Maricopa County. Suiter in that action joined various parties, including Allied Contract Buyers, a corporation, Gibraltar Savings & Loan Association (which held various mortgages on the subject property) and Lucero Contracting Company, a co-partnership, a mechanic lien claimant.

The trial court, upon findings of fact and conclusions of law, determined that Suiter had failed to perfect its lien within the statutory period and therefore had no lien on the property. Suiter appeals from that portion of the judgment. The trial court further determined that Lucero's mechanic's lien was valid and was entitled to priority over the mortgage liens of Gibraltar. This latter determination is the subject of a separate appeal by Gibraltar. (*See*, Allied Contract et al v. Lucero Contracting Company, 13 Ariz.App. 315, 476 P.2d 521, filed this date.)

The facts giving rise to this action are as follows. Allied is a duly licensed contractor authorized to engage in residence and small business contracting. This corporate entity is wholly owned by F. R. Ellington and Virginia Ann Ellington, his wife, and J. C. Perry and Leona F. Perry, his wife, hereinafter referred to as Ellington and Perry.

On February 11, 1964, Allied acquired title to a parcel of land located in the northwest section of Phoenix, Arizona. On February 25, 1964, Allied conveyed this property to its stockholders, Ellington and Perry. On March 24, 1964, Allied under its contracting license, commenced construction of four duplexes and a house on the property. On May 4, 1964, Suiter entered into a contract with Allied to perform various blasting and jackhammer work and to install a sewage disposal system on the property.

On May 26, 1964, Ellington and Perry reconveyed the subject property to Allied, which on the same date recorded a mortgage to a portion of the property securing a note held by Gibraltar. The date of this first Allied-Gibraltar mortgage was May 15, 1964. Subsequently, on June 22, 1964, two additional mortgages wherein Gibraltar was mortgagee and Allied was mortgagor were recorded, covering the balance of the subject property. These subsequent mortgages were dated May 22, 1964.

Construction on the property was completed on July 29, 1964. Suiter filed a notice and claim of lien on October 1, 1964, more than sixty days from the date of completion, but less than ninety days from that date.

Suiter argues on appeal that it was an "original contractor" within the meaning of A.R.S. § 33–993 and therefore entitled to ninety days within which to perfect its lien.

A.R.S. § 33–993 provides as follows:

"In order to impress and secure the lien provided for in this article, every original contractor, within ninety days, and every other person claiming the benefits of this article, within sixty days after the completion of a building, structure or improvement, or any alteration or repair thereof, shall [take certain steps to perfect their lien]."

An "original contractor," under similar statutes, has been defined as "one who furnishes labor or material and labor on a contract direct with the owner." Lakeview Drilling Co. v. Stark, 210 Or. 306, 310 P.2d 627 (1957); Scott, Blake and Wynne v. Summit Ridge Estates, Inc., 251 Cal. App.2d 347, 59 Cal.Rptr. 587 (1967); Hill v. Long, 61 N.M. 299, 299 P.2d 472 (1956).

Suiter first argues that while its contract was with Allied and not with the owners, since there was no evidence of any contract between Allied and the owners, Suiter is elevated to the status of an original con-

tractor. This contention is based upon the language of Wylie v. Douglas Lumber Co., 39 Ariz. 511, 8 P.2d 256 (1932) to the effect that lien rights attach at the commencement of construction when there is no original contract. The dicta relied upon in *Wylie*, in our opinion does not support the contention made by Suiter. *Wylie*, in quoting with approval from various California decisions, makes the point that at least in California, if the California statute concerning recording and filing of the contract between the owner and the general contractor is not complied with, this contract becomes invalid and therefore the subcontractors on the job are treated as general contractors for the purpose of the California mechanic's lien statute. *Wylie*, does not stand for the proposition either by way of dicta or otherwise, that mere absence of proof as to the existence of a contract between the owner and a general contractor raises the presumption that no contract exists and therefore has the effect of making the subcontractor an "original contractor."

Moreover, the existence or non-existence of a contract between Ellington and Perry, as owners and Allied as general contractor was not an issue before the trial court. Suiter contends that the trial court precluded its inquiry into this area of the existence or non-existence of a contract. A reading of the transcript indicates, however, that at the time objection was sustained to testimony, Suiter was attempting to establish an alter-ego relationship between Allied and its stockholders and not the existence of a contract between Allied and the owners. This objection was sustained as being outside the issues framed by the pleading. Suiter failed to pursue the matter further or to make any offer of proof on this issue to preserve the same on appeal. Plaintiff Suiter, having the burden of proof on this point and having failed to preserve this issue in the trial court, may not now argue the same on appeal. Rule 43(h), Ariz.Rules of Civ. Proc., 16 A.R.S.; Hall v. Keller, 9 Ariz. App. 584, 455 P.2d 266 (1969).

■ Suiter next argues that since Allied was the recorded title holder on the property on the date of completion of the project, this later date should determine whether Suiter was an "original contractor", rather than the former date when Suiter entered into its contract. Counsel for Suiter has cited no authority for this proposition and the Court on its own independent research has likewise found no authority for this argument. By definition, Suiter became a "contractor" when he entered into the contract with Allied. At that time, he was either an "original contractor" or a contractor falling within the "other person" category set forth in A.R.S. § 33–993. We hold that this status, thus established, cannot be subject to fluctuation dependent upon subsequent conveyances of the subject real property. To hold otherwise would lead to chaos insofar as concerns the rights of subsequent purchasers or other lienholders.

■ We are not called upon nor do we express any opinion as to whether this earlier date would be applicable in determining rights as between the owner-contractor and other contractors alone, in view of the language in *Wylie*, to the effect that a contractor may not place himself in an advantageous position over his subcontractor creditors. We do hold, however, as between various mechanic lien claimants themselves or as between mechanic lien claimants and other holders of valid liens, the date for determining whether or not a particular lien claimant is an original contractor or a subcontractor is the date that that party's contract came into existence.

It being neither pled nor proved that Ellington and Perry were the alter-ego of Allied, we find there was sufficient evidence to support the trial court's determination that Suiter, as of the date of its contract, dealt with Allied as a general contractor for the owners, Ellington and Perry, and that as such subcontractor, it had 60 days following the completion of the construction to file its lien. Having failed

to so file within that period, Suiter's lien rights were lost.

The judgment of the trial court is affirmed.

EUBANK, P. J., and HAIRE, J., concur.